THE PEOPLE *ex rel.* EDWARD RONDEL, APPELLANT, *v.* THE NORTH SAN FRANCISCO HOMESTEAD AND R. R. ASSOCIATION, RESPONDENT.

SUITS—CONDUCT AND MANAGEMENT OF.— When a suit is instituted in the name of the State, by the permission of the Attorney General upon the relation of the real party in interest, seeking relief, and the State has no direct interest in the event of the suit, the Attorney General, *as such,* has no power to control the conduct of the suit, or to withdraw his consent to the use of the name of the people, to the prejudice of the relator.

DECREE UPON STIPULATION.—A decree, purporting to be entered upon stipulation, but not in conformity therewith, should be set aside on motion.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The case is stated in the opinion.

*Quint & Hardy*, for Appellant.

No Counsel for Respondent.

SPRAGUE, J., delivered the opinion of the Court:

This is an action instituted by Edward Rondel, as relator in the name of the State, by sanction and permission of the Attorney General of the State, for the purpose of procuring the cancellation of, or decree of Court nullifying, a patent issued to defendant. The complaint partakes of the characteristics both of an information and bill. As it appears, therefrom, that the relator is the real party in interest seeking relief, and that the State has no direct interest in the subject-matter of the suit, or the relief sought, the relator is the real party in interest, and the real plaintiff who has a right to conduct and control the suit, and is responsible for its commencement, conduct and the costs thereof; and after he has instituted the suit in the name of the people of the State, by permission and consent of the Attorney General, and when it appears, as in this case, that the relator is the real party in interest seeking relief, and that the State has no direct interest in the event of the suit, the Attorney General, *as such*, has no power to control the conduct of the suit, or withdraw his consent to the use of the name of the people, as plaintiff, to the prejudice of the relator. It is apparent from the record in this case that the Attorney General authorized the relator to use his name as Attorney General, and the name of the people of the State as plaintiff; that the relator, by his attorney, B. B. Newman, prepared and filed the complaint, and signed the name of the Attorney General as such, and as attorney for plaintiff, Newman signed the complaint as counsel; and that the Attorney

General did not examine, and probably had not seen the complaint until after the suit was commenced. This is manifest from the paper which is found in the record signed by the Attorney General, and which was made the foundation for the decree in favor of the defendant, from which the relator appeals. It reads as follows :

"Since issuing the order permitting the relator in this case the use of the name of the State, I have examined the complaint and the issues which arise on this action, and am satisfied that the State is not a proper or necessary party to the action, and has no interest in the lands in controversy; and, as Attorney General, therefore, I direct, so far as the State is a party, a judgment may be rendered in favor of defendants, quieting their title, but without costs.

      (Signed.)    "Jo HAMILTON, Attorney General.

"June 22, 1868."

This paper appears to have been filed in the cause December 15, 1868, and on the same day, on motion of defendant's attorney, based thereon, without notice to plaintiff, judgment was entered against plaintiff, and a decree in favor of defendants as follows : "On reading and filing the stipulation of the Attorney General, and on motion of William H. Sharp, attorney for defendant, ordered that plaintiff take nothing by this action. On like motion, ordered and adjudged that the adverse claim of plaintiff to the lands described in the patent set forth in the complaint in this action be and it is hereby determined void and of no effect; and that said defendant be and it is hereby quieted and assured in its title and estate to said premises and every part thereof, free and clear of and from any and every claim, right, title or interest of said plaintiff in and to the same and every part thereof."

This decree is not in accordance with the directions of the Attorney General, as contained in the above paper, which is termed his stipulation, nor is it justified or authorized by the pleadings in the case. The answer of defendant is but a specific denial of the allegations of the complaint. It alleges no affirmative matter of defense, and does not ask affirmative relief ; hence the decree entered should have been set aside

on the motion of the relator, or, at least, so modified as to conform to the stipulation of the Attorney General, upon which it was based, and should not conclude the rights of the relator, the real party in interest, without a hearing.

Order and judgment reversed and cause remanded for trial.