PEOPLE ex rel. VAN VALER and Others v. JACOBS and Others.

## No. 11,360; July 15, 1886.

### 12 Pac. 222.

**Swamp Lands—Cancellation of Patent—Attorney General.—** When a suit is instituted in the name of the state, by the permission of the attorney general, upon the relation of the real party in interest, seeking the cancellation of the patent for state swamp lands, and the state has no direct interest in the event of suit, the attorney general is not authorized to move to dismiss, or to withdraw his consent to the use of the name of the people to the prejudice of the relator.[1]

**Appeal — Transcript — Missing Papers — Dismissal.—** Where respondent in his brief suggests imperfections in the transcript because of the absence of necessary papers and because the transcript is not properly certified, and appellant, at the hearing, files the requisite papers with the proper certificate, the motion to dismiss should be denied.

APPEAL from Superior Court, Tulare County.

Action brought by the attorney general January 19, 1884, to cancel a patent issued by the state of California to the defendants, November 23, 1883, for a tract of swamp land in Tulare county. On motion of the attorney general the action was dismissed. The relators appealed.

The motion to dismiss the appeal was based on the fact that the clerk had not properly certified the transcript as required by rule 4 of the supreme court, and that certain papers had been omitted and was made under rule 13.

F. P. Stratton, Latimer & Morrow and W. M. Pierson for appellants; Brown & Daggett for respondent.

---

1 Cited and followed in People v. Garrison, 72 Cal. 290, 13 Pac. 858, where the court say the attorney general has no right to withdraw his consent, once given, to the use of his name in these quasi state cases to the prejudice of relators.

By the COURT.—The certificate of the clerk of the court below, filed at the hearing, is sufficient, and the motion to dismiss is denied.

On the authority of People v. North San Francisco, H. & R. R. Assn., 38 Cal. 564, the judgment is reversed and cause remanded.