JOHN SEATON, *et al.*, v. G. C. HIXON & CO.

1. ACTION, *Prematurely Brought; Judgment, No Bar.* Where an action to foreclose a lien for materials furnished for a building is prematurely brought, and the judgment is rendered in the case against the plaintiff for that reason, *held,* that such judgment is not a bar to another action brought subsequently and within proper time against the same parties to foreclose the same lien.

2. NEW ACTION, *Not Barred.* And where the plaintiff commenced his second action within less than one year after his failure in the first action, though more than one year after the building was completed, *held,* that by virtue of the provisions of § 23 of the civil code, the action is not barred by the one-year limitation prescribed by § 4 of the mechanics-lien law.

3. ——— *Sufficient Description of Real Estate.* Where a description of real estate is true in every particular, and no other property answers to such description, and the property may easily be found by anyone who may be acquainted with such description and with the facts which exist and which may easily be ascertained upon inquiry, *held,* that the description is sufficient; and *further held,* that the description in the present case is sufficient.

*Error from Atchison District Court.*

ACTION by *G. C. Hixon & Co.* against *Seaton* and others, to foreclose a mechanics' lien. Trial at the June Term, 1884, and judgment for plaintiffs. The defendants bring the case here. The material facts are stated in the opinion.

*Everest & Waggener,* and *Tomlinson & Eaton,* for plaintiff in error Seaton.

*W. W. Guthrie,* and *Jackson & Royse,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by G. C. Hixon and A. W. Pettibone, partners as G. C. Hixon & Co., in the district court of Atchison county, against William Sanderson, James P. Tracy, and John A. Tracy, partners as Sanderson & Tracy, and John Seaton, to foreclose a mechanics' lien for the value of materials furnished by the plaintiffs, as sub-contractors, to Sanderson & Tracy, the contractors, and placed in a building upon land owned by Seaton. On April 13, 1880, the building was completed. On May 6, 1880, the plaintiffs filed in the proper office their affidavit for a lien upon the land on which the building was situated, and on the same day commenced an action in the district court against the aforesaid defendants to foreclose such lien, which action was consolidated with three other cases of like character, brought by other plaintiffs against the same defendants. On August 4, 1881, this consolidated action was tried, and in such action judgment was rendered in favor of the plaintiffs, G. C. Hixon & Co., and against Sanderson & Tracy, for the amount of their claim against them; and judgment was further rendered against the plaintiffs G. C. Hixon & Co. and in favor of Seaton, denying their right to foreclose their lien, upon the ground and for the reason only that the plaintiffs had commenced their action prematurely and within less than sixty days after the completion of said building. This judgment was afterward affirmed by the supreme court. (*McDonald v. Seaton,* 27 Kas. 672.) On May 29, 1882, this present action was commenced. The plaintiffs' petition set forth the foregoing, among other facts. To this petition the defendant, John Seaton, demurred, upon the ground that the petition did not state facts sufficient to constitute a cause of action. This

demurrer was overruled by the court. The defendant, John Seaton, then filed an answer to the plaintiffs' petition, setting forth in substance: First, a general denial; second, a special denial as to the ownership of the property; third, a plea of a former adjudication of the matter in controversy; fourth, a plea of a certain statute of limitations. The plaintiffs replied to this answer. The other defendants made default. On July 22, 1884, this action was tried upon the foregoing pleadings before the court without a jury, and the court found special conclusions of fact and of law, and upon these conclusions rendered judgment in favor of the plaintiffs and against the defendant Seaton for the foreclosure of plaintiffs' lien, and all the defendants, as plaintiffs in error, have brought the case to this court. The only controversy, however, in this court, is between the plaintiffs, G. C. Hixon & Co., who are now defendants in error, and Seaton.

It is claimed that the court below erred in overruling the demurrer of the defendant Seaton, and also erred in its conclusions of law. But the real questions presented by counsel are as follows: (1.) Is the judgment rendered in the first action brought by G. C. Hixon & Co. a bar to the prosecution of this present action? (2.) Is this present action barred by the one-year limitation prescribed by § 4 of the mechanics-lien law? (3.) Is the description of the property, as set forth in the plaintiffs' statement for a lien, sufficient, or is it too indefinite and uncertain? These questions we shall consider in their order.

I. Is the judgment rendered in the first action a bar to the prosecution of the present action? Does such judgment amount in effect to a *"res adjudicata"*? We think not. Such judgment was nothing more than that the first action as between the plaintiffs, G. C. Hixon & Co., and John Seaton, for the foreclosure of the plaintiffs' lien, was brought prematurely; that it was brought within less than sixty days after the completion of the building, which, under the statutes, is too soon, (Mechanics-lien law, § 2; Comp. Laws of 1879, ¶ 4169.)

II. Is the present action barred by the one-year limitation prescribed by § 4 of the mechanics-lien law? We think not. That limitation requires that an action to foreclose the lien shall be commenced within one year after the building has been completed; but it also provides that "the practice, pleadings and proceedings in such action shall be in conformity with the rules prescribed by the code of civil procedure, so far as the same are applicable." (Comp. Laws of 1879, ¶ 4171.) And § 23 of the code of civil procedure reads as follows:

"SEC. 23. If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

It is claimed by counsel for Seaton that the words "within due time," as used in the foregoing section, mean a time within which the action may be prosecuted, a time not too soon nor too late, and mean only such time; and therefore that as the first action was commenced prematurely and before the action could have been prosecuted as against Seaton, the action was not commenced "within due time," and therefore that this action does not come within the saving clause of said § 23. We do not think that the words "within due time," as used in the foregoing section, have the full meaning which counsel for Seaton claim they have. These words are used with reference to the full running of statutes of limitations and the absolute barring of actions thereby, and not with reference to anything else. All that they require to bring the action within said § 23, is that the action shall be commenced before any statute of limitations has barred a recovery. If the action is commenced before it has been barred by any statute of limitations, then it is commenced "within due time" within the meaning of the foregoing section; but if it is not commenced until after it has been barred, then it is not commenced "within due time." In the present case this second action was brought

within less than one year after the plaintiffs' failure in the first action in the district court, and within less than one year after their failure and the affirmance of the judgment in the supreme court; and hence we do not think that this present action is barred by the limitation prescribed by §4 of the mechanics-lien law.

III. Is the description of the property, as set forth in the plaintiffs' statement for a lien, sufficient, or is it too indefinite and uncertain? This statement describes the property as being in the city of Atchison, Kansas, and the property upon which the aforesaid building was erected, and as owned by John Seaton, and as "lots 15 and 16, block A A, corner Q and South Fourth streets." We think the description is amply sufficient under the findings of the court. The description is true in every particular; no other property answers to this description, and the property may easily be found by anyone who may be acquainted with this description and with the facts which exist, and which may easily be ascertained upon inquiry. Such a description, when it can be so aided by existing facts, is always sufficient. The property is in the corporate limits of the city of Atchison, although it is also in an addition to that city, south of the original boundaries of the city, and is usually described or designated as "South Atchison." In such addition there is a block designated as "A A," and there is no such block in any other part of the city, or in any other addition thereto. The southwest corner of said block A A is at the northeast corner of the intersection of Fourth and Q streets, and the last-named street is situated wholly within the foregoing "South Atchison" addition, and there is only one ".Fourth street" in Atchison, a part of which is in "South Atchison," and of course "South Fourth street" must be in "South Atchison." The description of the property contained in the deed of conveyance under which John Seaton claims, is as follows:

"That part of block A A of South Atchison, [an addition to the city of Atchison,] commencing at the southwest corner, running 75 feet north, thence 150 feet east, thence 75 feet

south, thence 150 feet west, to the place of beginning, said plat of ground being known on the official plat of the city of Atchison as lots 15 and 16, of block A A."

We presume that lots 15 and 16, in block A A, South Atchison, have well-defined and well-known or easily-ascertained boundaries, and that such boundaries are specifically shown by the official plat. There is certainly nothing in the record showing the contrary.

Finding no material error in the rulings or judgment of the district court, its judgment will be affirmed.

All the Justices concurring.