[Filed Oct. 11, 1886.]

## WM. A. DALY v. MULTNOMAH COUNTY.

CONSTITUTIONAL LAW—WITNESSES—FEES AND MILEAGE.—A statute provid- ing that "in all criminal actions and proceedings, witnesses residing within two miles of the place of trial, or the place where they are required to appear and testify, shall not be entitled to receive either witness fees or mileage," does not contravene the constitutional provision that the par- ticular services of no man shall be demanded without just compensation.

SAME—"PARTICULAR SERVICES."—The services of witnesses in such cases are not "particular services" within the meaning of that clause, but are of the class of general services which every man is bound to render for the general as well as his own individual good.

MULTNOMAH COUNTY. Plaintiff appeals. Affirmed.

*A. L. Frazer,* for Appellant.

*Henry E. McGinn,* for Respondent.

LORD, C. J.—This was an action to recover two dollars and twenty cents, for one day's attendance and mileage as a wit- ness in a criminal action. Upon demurrer, judgment went for the defendant, from which this appeal is taken. The object of the action is to test the validity of an act entitled "An act to prescribe the fees of witnesses in Multnomah County,"

which provides that " in all criminal actions and proceedings witnesses residing within two miles of the place of trial, or the place where they are required to appear and testify, shall not be entitled to receive either witness fees or mileage." Session Laws, 1885, p. 10. The contention of the plaintiff is that his attendance and mileage, admitted to have been performed in obedience to a subpœna issued in a criminal action, are " particular services," within the meaning of the constitution, and of which he cannot be deprived " without just compensation," and that consequently, the legislative act in question being in direct conflict with article 1, section 18, of the constitution, which declares    *    *    " nor the particular services of any man be demanded without just compensation," is void. We are unable to assent to this construction. In *Israel* v. *State*, 8 Ind. 467, it was held that the services of witnesses, in criminal cases, are not "particular services " within the meaning of the constitution, but are of the class of general services which every man is bound to render for his own and the general good. The court say : " It is as much the duty and interest of every citizen to aid in prosecuting a crime, as it is to aid in subduing any domestic or foreign enemy ; and it is equally the interest and duty of every citizen to aid in furnishing to all, high and low, rich and poor, every facility for a fair and impartial trial when accused ; for none is exempt from liability to accusation and trial. These are matters of general interest and public concern—are vital, indeed, to the very existence of free government, and render the services of witnesses on such occasions matters of general public interest, and not particular in the sense of the constitution." In *Buchanan* v. *State*, 59 Ind. 12, and *Dills* v. *State*, Id. 18, the construction given in *Israel* v. *State*, *supra*, that the services of witnesses in criminal cases are not "particular services " within the meaning of the constitution, that " no man's particular service shall be demanded without just compensation," was referred to and approved, although the court was not of accord in the construction to be given to this provision as applied to the services rendered by experts in criminal cases, with

which we have no concern. The services which the plaintiff has rendered as witness in a criminal proceeding, and for which he has brought this action, not being " particular services," for which just compensation may be demanded within the sense of the constitution, but of that class of general services which every man is bound to render for the general as well as his own individual good, it follows that the act is not in conflict with the constitutional provision, and that the judgment must be affirmed.