[No. 11690.    Department Two. — May 18, 1887.]

THE PEOPLE EX REL. E. P. GARRISON ET AL., AP-
PELLANTS, *v.* C. W. CLARK, RESPONDENT.

ATTORNEY-GENERAL — AUTHORIZATION TO USE NAME OF STATE — REVO-
CATION OF. — An authorization given by the attorney-general to the real
parties in interest, to use his name in an action to set aside a patent to
certain swamp and overflowed lands, and to bring the action in the name
of the people as plaintiff, cannot afterwards be revoked by him, to the
prejudice of the real parties in interest.

APPEAL from a judgment of the Superior Court of
Tulare County.

The facts are stated in the opinion.

*Frederick S. Stratton, Latimer & Morrow*, and *William
M. Pierson*, for Appellants.

*Attorney-General Marshall*, for Respondent.

FOOTÉ, C. — This was an action on behalf of the peo-
ple of the state of California, upon the relation of the
real parties in interest, instituted for the purpose of ob-
taining a decree to set aside a certain patent dated No-
vember 22, 1883, to swamp and overflowed lands lying
in the county of Tulare.

The attorney-general of the state, upon a proper peti-
tion presented to him, authorized the relators to use his
name, and to bring this suit in the name of the people as
plaintiff.

An undertaking in due form was afterward filed in the
proper court, conditional to save the state harmless from
all costs.

The complaint signed by the attorneys of the real par-
ties in interest, the relators, was filed according to law
on January 19, 1884. The attorney-general, however,
on the 7th of March, 1884, filed in the court where the
action was pending a withdrawal of his authority for
the further prosecution of the action in the name of the

people, and requested that the action be dismissed. The court below granted his request, against the objection and subject to the exception of the plaintiffs, the relators.

From the judgment made in the premises the latter have appealed.

The attorney-general, as such (the state having no direct interest in the event of the suit, and his permission having been given to the real parties in interest seeking relief), had no right or authority to withdraw his consent thus previously given to the use of his name, to the prejudice of the relators. (*People ex rel. Rondel* v. *N. S. F. H. & R. R. A.*, 38 Cal. 564; *People* v. *Jacob*, 12 Pac. Rep. 22.)

The judgment of dismissal should be reversed, and the cause remanded for trial.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded for a new trial.