The judgment of the district court is affirmed.

---

THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY V. A. KINMAN.

**No. 441.**  ( 58 Pac. 1037.)

1. RAILROADS—*Injury to Stock—Defective Gate.* When the evidence shows that a gate in the line of fence maintained by the railway company is too short to reach the post to which it is to be fastened and that the hook is lengthened by a piece of wire to make it reach to the staple, and there is nothing to prevent the wind from swinging the gate back and forth except the said hook, staple, and wire, the jury are justified in finding said fastening insufficient.

2. ———— *Claim for Damages—Demand.* Where the owner of stock killed or injured by a railway company in the operation of its road states to the claim agent of said company that he wants pay for the killing of said stock, he has made a sufficient demand under the act of 1874.

3. ———— *Limitation of Action.* An action prematurely brought prevents the running of the statute of limitations. (*Seaton v. Hixon*, 35 Kan. 663, 12 Pac. 22.)

4. ———— *Dismissal of Action — Limitation of New Action.* Where a demand is made for the damage to stock caused by a railway company under the act of 1874 (Gen. Stat. 1897, ch. 70, §§ 23, 24; Gen. Stat. 1899, §§ 5667, 5668) thirty days prior to the commencement of an action to recover such damage, and the action is commenced within one year after the dismissal of a former action over the same subject-matter, the demand is made in time and the cause of action is not barred.

Error from Greenwood district court; C. W. SHINN, judge. Opinion filed November 20, 1899. Affirmed.

*J. W. Gleed*, and *John L. Hunt*, for plaintiff in error.
*T. L. Davis*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: : This action was commenced in the district court of Greenwood county by the defendant in error to recover from the plaintiff in error for loss and damage to cattle. The cattle of Kinman went through a gate placed in the fence of the railway company at a private crossing used by Kinman, and some of them were injured so badly that they had to be destroyed, and some were injured but finally recovered. The defendant alleges, that the fastening was insufficient to keep the gate shut, and that the gate came open and the cattle went upon the track of said railway company and were injured by one of its trains. Verdict and judgment were for the plaintiff below in the sum of $119, and the railway company brings the case here for review.

The plaintiff in error contends that there was no evidence that the fastening to the gate was defective. The evidence shows that the gate did not reach to the post to which it was fastened; that a wire was fastened around the gate standard and through the eye of the hook, and the other end of the hook was bent so as to push down into the staple in the post; that there was nothing to prevent the wind from swinging the gate back and forth except the said hook, staple, and wire. The jury found the fastening insufficient and the evidence abundantly supports the finding. It is also contended that there was no evidence of a sufficient demand. Kinman said to Spaulding (who was by the pleadings shown to be the duly authorized agent of the railway company to settle and pay claims

against it for stock killed or injured) that he wanted pay for killing the stock. This was a sufficient demand.

Kinman also made a demand in writing which was sufficient. The cattle were killed and crippled on July 25, 1888. An action to recover the damages was commenced on October 2, 1888. Judgment was rendered in favor of Kinman May 31, 1889, which judgment was reversed and remanded by the supreme court in October, 1892, and at the January, 1893, term of the district court the action was dismissed without prejudice. Under section 17 of chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4267), Kinman could commence a new action at any time within one year after the dismissal of the former action, but he could not extend the time by failing to make the demand. If no demand had been made prior to the bringing of the action in October, 1888, the action was prematurely brought. An action prematurely brought prevents the statute of limitation from running. (*Seaton v. Hixon*, 35 Kan. 663, 12 Pac. 22.) Clearly, where the demand is made thirty days prior to the commencement of the action, and the action is commenced within one year after the dismissal of the former action, the demand is made in time, and the action is not barred.

The admissions made during the trial justified the instructions complained of.

The judgment of the district court is affirmed.