# JANUARY TERM, 1904.

## *PRESENT:*

Hon. WILLIAM A. JOHNSTON, Chief, Justice.
Hon. WILLIAM R. SMITH,
Hon. EDWIN W. CUNNINGHAM,
Hon. ADRIAN L. GREENE,           } Justices.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. WILLIAM D. ATKINSON,

### John McGlinchy v. Thomas Bowles.
#### No. 12,889. (75 Pac. 123.)

##### SYLLABUS BY THE COURT.

Corporations—*Liability of Stockholders—Limitation of Action.* A corporation having suspended business for more than a year, and a judgment having been rendered against it, the running of the statute of limitations against a proceeding to enforce the judgment by execution against a stockholder is not affected by the pendency of an action brought prior to an execution on the judgment, against all the stockholders, seeking to charge them with the payment of the judgment.

Error from Anderson district court; C. A. Smart, judge. Opinion filed January 9, 1904. Reversed.

*N. L. Bowman,* for plaintiff in error.

*J. G. Johnson,* for defendant in error.

The opinion of the court was delivered by

Mason, J. : Thomas Bowles recovered a judgment against John McGlinchy upon his liability as a stockholder of the Bank of Garnett in the form of an order allowing execution against him on a judgment against

the bank. Defendant in this proceeding seeks to reverse the judgment upon two grounds: (1) That he was not in fact such a stockholder; (2) that the action was barred by the statute of limitations. It will be necessary to consider only the second contention. The case was tried on an agreed statement of facts. The bank ceased to do business October 19, 1895. Bowles recovered judgment against the bank June 17, 1897. No execution was issued on this judgment until March 30, 1900, when one was issued which was returned unsatisfied April 4, 1900. On June 26, 1897, an action was brought by Bowles against McGlinchy and other stockholders, seeking to charge them with the payment of the judgment. In this action the plaintiff recovered a judgment which was reversed by this court. (*Woodworth v. Bowles*, 61 Kan. 569, 60 Pac. 331.) In accordance with this decision an order dismissing the case was made by the district court March 15, 1900. On February 25, 1901, the present action was begun by plaintiff's filing a motion for execution against McGlinchy on the judgment against the corporation. From this statement it is evident that, the bank having ceased to do business more than four years before this proceeding against McGlinchy was instituted, it was barred by the statute of limitations, unless it was saved by being brought within one year after the order was made dismissing the other case. (*Bank v. King*, 60 Kan. 733, 57 Pac. 952; *Cottrell v. Manlove*, 58 id. 405, 49 Pac. 519.)

Section 23 of the code (Gen. Stat. 1901, § 4451) reads:

"If any action be commenced within due time and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or if he die and the cause

of action survive, his representatives, may commence a new action within one year after the reversal or failure.''

Where an action is prematurely begun upon a cause of action otherwise complete a new action may be brought within a year after the disposal of the first one. (*Seaton v. Hixon*, 35 Kan. 663, 12 Pac. 22.) But a petition which does not state a cause of action at all does not delay the running of the statute of limitations. (*Railway Co. v. Bagley*, 65 Kan. 188, 69 Pac. 189.) If the petition in the action begun June 26, 1897, stated a cause of action at all, or could, by any permissible amendment, have been made to state a cause of action, it must have been by virtue of sections 1200 and 1204 of the General Statutes of 1889, which authorized a direct action against the stockholders of a corporation whenever it had ceased business for over a year. It could not have been based upon section 1192, which authorized a proceeding against a stockholder when an execution on a judgment against the corporation had been returned unsatisfied, because at the time it was begun and for more than four years after the corporation quit business no execution had been issued. If it stated a cause of action based upon the fact that the corporation had suspended business for more than a year, it could not have been converted into one depending upon the return of an execution unsatisfied. The two remedies are not only different, but have been held to be so inconsistent that the adoption of one precludes the subsequent resort to the other. (*Remington v. Hudson*, 64 Kan. 43, 67 Pac. 636.) A cause of action cannot be saved by the section relied on by plaintiff unless the second action is substantially the same as the first. (*Hiatt v. Auld*, 11 Kan. 176.)

For these reasons the judgment is reversed, and the cause remanded with directions to render judgment for defendant.

All the Justices concurring.