[No. 7090. Decided May 14, 1908.]

HARRY RYNO, *Respondent*, v. ANTON SNIDER, *Appellant*.[1]

TAXATION—JUDGMENT—VACATION—NOTICE TO TAX TITLE HOLDER. Notice of application to vacate a void tax foreclosure judgment must, after sale, be given to the purchaser holding the tax title, as the equitable assignee of the tax lien by virtue of the sale.

SAME—ACTION TO SET ASIDE TAX TITLE—TENDER OF TAX—NECESSITY—PAYMENT TO COUNTY TREASURER. Under Bal. Code, §§5678-5680, a suit to recover possession of lands sold to satisfy a tax cannot be commenced without first paying or tendering to the person in possession claiming under the tax title the amount of the tax with interest, penalties and costs for which the land was sold; and the fact that the judgment had been irregularly vacated and the taxes were thereupon paid to the county treasurer does not alter the case.

Appeal from a judgment of the superior court for King county, Griffin, J., entered June 7, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action of ejectment. Reversed.

*Byers & Byers*, for appellant.

*A. C. MacDonald*, for respondent.

CROW, J.—Action in ejectment brought by Harry Ryno against Anton Snider to recover possession of real estate in King county. After alleging that he had, on August 31, 1906, acquired the fee simple title, that he then became entitled to possession, and that the defendant, being then in

[1]Reported in 95 Pac. 644.

possession, has ever since wrongfully withheld the same, the plaintiff further alleged:

"That the defendant herein claims title to the said real estate by reason of a tax title, which said tax title is void and worthless. That plaintiff's grantors have paid to the county treasurer of King county, Washington, the officer entitled by law to receive the same, the full amount of the taxes, interest and cost due to the said defendant by reason of the said tax title, and which are a lien on the said property."

A demurrer to the complaint having been overruled, and the issues having been completed by answer and reply, findings of fact, conclusions of law and judgment were made and entered in favor of the plaintiff, from which the defendant has appealed.

Appellant first contends that the trial court erred in overruling his demurrer to the complaint, and in denying his motion for a nonsuit. In his complaint the respondent alleged that the appellant claimed the land under a void tax title, but he failed to allege that, prior to the commencement of this action, he had paid or tendered to the purchaser at the tax sale, or to the appellant as his grantee, the taxes, penalty, interest and costs paid by them or either of them in acquiring their tax title, or that such payment had been refused.

On the trial there was no evidence showing or tending to show that any such payment had been made or tendered to the appellant or his predecessor in interest. The evidence admitted does show that one J. E. Brady had foreclosed a delinquent tax certificate on the land; that, under the foreclosure judgment, the county treasurer had sold the land to one H. B. Kennedy, to whom he executed and delivered a tax deed; that Kennedy afterwards conveyed to the appellant, Anton Snider; that the respondent claims the foreclosure proceedings were void; that more than two years after the execution and delivery of the tax deed to H. B. Kennedy and more than one year after appellant had acquired his title there-

under, one James McNaught, named as owner in the original certificate of delinquency, not a party to the foreclosure proceedings, but who claimed that he still owned the land, upon notice to the attorney of J. E. Brady, and without notice to the appellant, Anton Snider, made in the foreclosure action an application for, and obtained, an order vacating the foreclosure decree; that neither the former attorney of the original plaintiff, J. E. Brady, nor any other person, appeared to resist such application; that McNaught then paid to the treasurer of King county the taxes, penalty, interest and costs included in the judgment, but that he made no tender thereof to Kennedy or appellant, and that the respondent by mesne conveyances thereafter deraigned title from McNaught. There is no evidence that appellant, at any time prior to the commencement of this action, had any knowledge actual or constructive that McNaught had made application for, and obtained, an order vacating the tax foreclosure and deed, or had made any payment to the treasurer.

The respondent contends that in cases of this character the county treasurer is the officer who under the law is entitled to receive delinquent taxes, penalty, interest, and costs when a foreclosure decree and sale have been vacated, and that it was only necessary to make payment to him. The allegations of the complaint as well as the evidence show that respondent knew the appellant was in possession of the land, claiming title to the same under the tax foreclosure, sale, and deed. Respondent's predecessor knew that the appellant's predecessor, Kennedy, could not have obtained his tax deed without payment of his bid at the tax sale, which in this instance was the full amount of the judgment. Such payment satisfied the judgment held by Brady, the original plaintiff, who thereafter ceased to have any interest in the taxes, the judgment, or the land. If the foreclosure and tax deed were actually void, the sale to Kennedy and his conveyance to appellant amounted to an equitable transfer of the tax lien to appellant, who thereby became the equitable assignee of Brady, and

notice of any application to vacate the judgment should have been served upon him, which was not done. *Smithson Land Co. v. Brautigam*, 16 Wash. 174, 47 Pac. 434; *Investment Securities Co. v. Adams*, 37 Wash. 211, 79 Pac. 625. Respondent's predecessor, McNaught, had notice of such equitable assignment of the tax lien to the appellant before he made application for the vacation of the judgment, as the tax deed to Kennedy and his deed to appellant were then of record. The satisfaction of the judgment by the tax sale was also notice that Brady had ceased to be a party in interest. Under such circumstances notice to Brady or his attorney was without validity, as it in no manner affected any rights of the appellant. The tax judgment, which was regular upon its face, recited that summons had been regularly and duly served upon the defendants, as the law in such cases required. . The order of vacation having been entered without notice to appellant, was as to him void. The direct result of such a condition of the record is that the present action is now being prosecuted to obtain possession of land which has been sold for taxes and is held by appellant under an alleged tax title.

Bal. Code, § 5679 (P. C. § 8734), provides that in an action for the recovery of lands sold for taxes, against the person in possession, the complainant must state that all taxes, penalties, interest and costs, paid by the purchaser at tax sale, his assignees or grantees, have been fully paid or tendered, and payment refused. As above stated, this action has been brought to recover possession of land sold for taxes. It is prosecuted against appellant in possession as grantee of Kennedy, who as purchaser at the tax sale paid all taxes, penalty, interest and costs for which the tax judgment had been entered. Section 5679, *supra*, clearly contemplates that under such circumstances a tender shall be made to such purchaser, or his successor in interest, so that he may have an opportunity either to refuse the tender or to avoid litigation by accepting the same. It does not contemplate that he may be sub-

jected to the costs and annoyance of an action for possession, in which the validity of his tax title will be questioned, without any previous tender having been made to him which he might at his election have accepted.

In *Merritt v. Corey*, 22 Wash. 444, 61 Pac. 171, in passing upon §§ 5678 to 5680 inclusive (P. C. §§ 8733-8735), this court said:

"By these provisions of the statute, a payment of the taxes, penalties, interest, and costs paid by a purchaser, or his assignor or grantor, for lands sold for taxes, or a tender of such payment, is made a condition precedent to the right to institute an action for the recovery of land so sold. . . . Where, as it appears here, the tax was a just charge against the land, and the sale is sought to be set aside because of fatalities in the proceedings leading up to the sale, it is an equitable rule, and within the power of the legislature to require the amount paid to the state *to be repaid or tendered to the purchaser* as a prerequisite to the right to maintain the action."

In *Moyer v. Foss*, 41 Wash. 130, 83 Pac. 12, we again said:

"Inasmuch, therefore, as it is not made to appear that the tax was void on its face, the appellants cannot maintain an action to recover the land sold to satisfy the tax without first *paying or tendering to the person claiming under the tax title* the amount of the tax with interest, penalties and costs, for which the land was sold."

Under the sections above mentioned, it would be proper to pay to the treasurer any delinquent taxes due to the county or to the holder of a certificate of delinquency not yet foreclosed, the same being a payment of delinquent taxes which had not yet been recovered by either of them through the medium of a tax foreclosure and sale. In this instance the judgment in favor of J. E. Brady had been fully satisfied, and neither he nor the county had any further claim. Any sum necessary to be paid under the statute, as a condition precedent to the prosecution of this action for a recovery of the land, should have been tendered to the holder of the title

under the tax deed, or some good and sufficient reason should have been alleged and shown for failing to make such tender. For want of any allegation of a tender to the appellant, the complaint failed to state a cause of action, and as its allegations were not afterwards aided or supplemented by proof, the appellant's motion for a nonsuit should have been granted.

The judgment is reversed, and the cause remanded with instructions to enter a nonsuit and dismiss the action.

HADLEY, C. J., MOUNT, ROOT, FULLERTON, RUDKIN, and DUNBAR, JJ., concur.