[No. 8729.   Department Two.   May 26, 1910.]

HARRY RYNO, *Appellant*, v. ANTOINE SNIDER *et al.*,
*Respondents.*[1]

LIMITATION OF ACTIONS—SUSPENSION—REVERSAL OF JUDGMENT—
NEW SUIT.  Rem. & Bal. Code, § 173, providing that, if judgment for
plaintiff be reversed on appeal in an action commenced within time,
the plaintiff may commence a new action within one year after re-
versal, does not apply where no cause of action was stated or existed
at the time the first action was commenced.

Appeal from a judgment of the superior court for King
county, Clifford, J., entered October 18, 1909, upon findings
in favor of the defendants, after a trial on the merits before
the court without a jury, in an action of ejectment.  Affirmed.

*A. C. MacDonald* and *S. G. Murray*, for appellant, cited:
*Kenney v. Parks*, 137 Cal. 527, 70 Pac. 556; *Gould v. Knox*,
53 Wash. 248, 101 Pac. 886; *Young v. Davis*, 30 Ala. 213;
*Landdale v. Cox*, 30 Ky. 391.

*Byers & Byers*, for respondents.

DUNBAR, J.—An action in ejectment was brought by the
appellant against the respondents, the complaint alleging,
among other things, that the defendants claimed title to the
said real estate by reason of a tax title, which said tax title
was void and worthless; that plaintiff's grantor had paid to
the county treasurer of King county, Washington, the officer
entitled by law to receive the same, the full amount of the
taxes, interest, and costs due to said defendants by reason of
the said tax title, and which are a lien on the said property.
A demurrer to the complaint having been overruled and the
case tried, judgment was entered in favor of the plaintiff,
from which the defendant appealed to this court, and a de-
cision was rendered which is reported in *Ryno v. Snider*, 49

[1]Reported in 109 Pac. 55.

Wash. 421, 95 Pac. 644, which said opinion is referred to as furnishing a complete statement of the case. On said appeal the judgment of the lower court was reversed, and it was held that no cause of action existed, for the special reason that there was no allegation in the complaint that the taxes due and paid by the appellant in that case, the respondent in this, had been tendered to appellant, and no evidence showing or tending to show that any such payment had been made or tendered to the appellant or his predecessor in interest.

Afterwards and subsequent to the time when the statute of limitations had run against the commencement of the action now under consideration, this action was commenced, and practically the same relief is asked for. Findings of fact were made which are not questioned by the appellant, conclusions of law and judgment followed in favor of the respondents, and from such judgment this appeal is taken.

There is but one question presented, viz., is this action barred by the statute of limitations, or can appellant avail himself of the provisions of § 173, Rem. & Bal. Code, which reads as follows:

"If an action shall be commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on error or appeal, the plaintiff, or if he die and the cause of action survive, his heirs or representatives, may commence a new action within one year after reversal."

It is admitted that, in the case at bar, this was done, respondents, however, contending that appellant's complaint in the former suit did not state a cause of action, and therefore did not stop the running of the statute of limitations; while it is the contention of the appellant that the statute is broad in is terms and embraces any action that may be commenced within the time prescribed, where the judgment of the plaintiff has been reversed on appeal or error. There seem to be but very few litigated cases on this question, but we are inclined to the view that the statute is intended to apply to the actions where there was a cause of action stated

but improperly pleaded, or where a cause of action was stated but the action had been prematurely brought, or cases of that kind, and not a case where the judgment had been reversed because no cause of action had been stated, or where no cause of action existed at the time the action was commenced. And it appears from the pleadings and the evidence in the first case of *Ryno v. Snider*, reported by this court and cited above, that no cause of action existed at the time of the trial of that action.

The appellant relies somewhat on the case of *Seaton v. Hixon*, 35 Kan. 663, 12 Pac. 22, where it is held, in an action to foreclose a lien for materials furnished for a building, and the judgment was reversed and the plaintiff commenced his second action in less than one year after his failure in the first action, though not within the time prescribed by the statute for the commencing of the action in the first place, that by virtue of the provisions of § 23 of the civil code of Kansas, which is practically the same as § 173 of Rem. & Bal. Code, the action is not barred by the limitation prescribed for the commencement of the first action. But that case, when examined carefully, we think does not sustain appellant's contention, for the reason that the reversal of the judgment in the first case was because the action had been prematurely brought, it having been brought within less than sixty days after the completion of the building, which, under the statutes of Kansas, was too soon. There was no question there that the cause of action did not exist, and it was preeminently a proper case for the application of the remedial statute. That it was not the intention of the supreme court of Kansas to apply the doctrine there applied to a case of this kind is shown by a subsequent case, viz., *McGlinchy v. Bowles*, 68 Kan. 190, 75 Pac. 123, where *Seaton v. Hixon, supra*, was distinguished, and where it was held that the rule there announced would not apply to a case where no cause of action had been stated or existed at the time the first action was brought; and by *Railway Co.*

*v. Bagley*, 65 Kan. 188, 69 Pac. 189, 3 L. R. A. (N. S.) 259, where it was held that, where the original petition states no cause of action whatever, it will not arrest the running of the statute of limitations. We are unable to find any adjudicated cases to the contrary.

We take pleasure in incorporating the brief and concise opinion rendered by the trial court in this case, and in indorsing the same as a proper exposition of the law. The court said:

"A careful consideration of this case has brought me to the conclusion that the action is barred by the three years' statute of limitations. Laws of 1907, page 398. Had the former action *Ryno v. Snider*, 49 Wash. 421, 95 Pac. 644, never been begun it is clear the present suit would be barred. I am of the opinion that *Ryno v. Snider* did not stop the running of the statute. Where a case is reversed by the supreme court and sent back because of error in the pleading or at the trial, if a cause of action actually exists, a new action may be commenced within one year after the reversal. Pierce's Code, § 297. But if something remains to be done before a cause of action exists, and that thing is not done until the statute has run, the new suit is barred on a new cause of action, one of the essential elements of which did not exist when the former action was begun, nor until it had been decided in the supreme court, and the bar of the statute was complete. The tender of taxes after the time had run could not remove the bar of the statute. The opinion of the court in *Ryno v. Snider* shows that the case was reversed and the case ordered dismissed in the lower court, not merely because a sufficient tender had not been pleaded, but because no tender had been made and no cause of action existed. The judgment is for the defendant that his title to the land in question be quieted."

No error appearing in the record, and the court, in our judgment, having taken the proper view of the law, the judgment is affirmed.

RUDKIN, C. J., MOUNT, CROW, and PARKER, JJ., concur.