No. 24,195.

THE THIRD NATIONAL BANK OF ROCKFORD, ILLINOIS, *Appellant*, v.
L. L. PHILLIPS, *Appellee*.

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Holder in Due Course.* The proceedings in an action by
the holder, by negotiation, of a negotiable promissory note, to recover
against the maker, considered, and *held,* the plaintiff was a holder in due
course.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed
February 10, 1923. Reversed.

*F. B. Dodds,* of Lawrence, for the appellant.
*M. A. Gorrill,* of Lawrence, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a promissory note.
The plaintiff was defeated, and appeals.

The defendant gave the Universal Talking Machine Company,
of Rockford, Ill., an order for talking machines. The price was to
be paid in installments. The order provided that no installment
should be due until the first machine was sold, and that if the ma-
chine designated as Model C was not sold within twelve months,
the seller would repurchase, provided certain advertising plans had
been carried out. Attached to the order was the note sued on, con-
cerning which the order provided as follows:

"The note herewith is tendered in settlement of this order, and the company
is authorized and directed to detach and date same when this order is ap-
proved and ready for shipment."

The order was accepted on November 15, 1920, and the machines
were duly shipped and received by the defendant. The action was
commenced in May, 1921. The petition alleged the plaintiff pur-
chased the note from the payee, for a valuable consideration, before
maturity, was the owner and holder, and that the note was unpaid.
A copy of the note was attached to the petition. The note was
negotiable in form, and bore the following indorsement, duly signed
by the payee: "Pay to the order of Third National Bank, Rock-
ford, Ill." The answer pleaded the conditions of the order to which
the note had been attached, and inability to sell the machines after
proper effort. The answer further pleaded the plaintiff was not the

owner and holder of the note, did not acquire it for a valuable consideration before due, and that the action was prematurely brought. The answer did not plead that the plaintiff's title was defective, within the meaning of section 62 of the negotiable-instruments law (Gen. Stat. 1915, § 6582), and did not plead the plaintiff had notice of the infirmity in the instrument relied on, which must have been actual knowledge of the provisions of the order, or knowledge of such facts that taking the note amounted to bad faith. (Neg. Inst. Law, § 63; Gen. Stat. 1915, § 6583.) *Prima facie,* the plaintiff was a holder in due course (Neg. Inst. Law, § 66, Gen. Stat. 1915, § 6586), and the result was, the plaintiff was entitled to judgment, unless the defendant proved the plaintiff did not acquire the note for a valuable consideration, or did not acquire it before due. Nevertheless, the court required the plaintiff to "put on its case."

The plaintiff offered the note in evidence, and offered the deposition of its cashier that on November 30, 1920, the plaintiff accepted the note as collateral security to a note of the talking machine company to the bank for $8,725, which was unpaid. The deposition continued as follows:

"Q. State, if you know, for what purpose L. L. Phillips gave this note to the Universal Talking Machine Company. A. The bank was under the impression that it was given in payment for phonographs.

"Q. Assuming that the said note was given in payment for a phonograph, do you know whether or not there was a contract between Mr. Phillips and the Universal Talking Machine Company covering the sale of the phonograph in question, or any other phonographs? A. I do not.

"Q. State whether or not you have seen such a contract. A. I have not.

"Q. State whether or not the bank has any understanding or agreement with the Universal Talking Machine Company concerning the contract or contracts between the Universal Talking Machine Company and the said L. L. Phillips. A. The bank has not.

"Q. Is there anything further you desire to say, Mr. Kjellgren, in regard to this transaction, that you have not heretofore testified? A. This note was taken in good faith for value as security for funds loaned to the Universal Talking Machine Company."

The defendant on his side offered in evidence, over objection, the order, and a letter from the talking machine company to him dated December 18, 1920, in which the talking machine company discussed the subject of pushing sales, and said:

"We have made a notation on your note that no statements are to be sent to you. . . ."

The court submitted the case to the jury under correct instructions, among which was the following:

"There is evidence before you in regard to the contract that was entered into between the defendant and the Universal Talking ,Machine Company, and there is also before you a letter received by the defendant from this Universal Talking Machine Company. This evidence should not be considered by you unless you find as a matter of fact that the plaintiff had notice of some infirmity in this note, some claim on the part of the defendant in this case, that he did not owe the note prior to the time that the Third National Bank, that is, the plaintiff, came into possession of it."

The jury found for the defendant. It will be remembered the defendant did not plead that the plaintiff had notice of any defect or infirmity in the paper. The plaintiff's cashier testified it had no such notice. Suppose he were disbelieved, and his testimony rejected; still there was no evidence the plaintiff had the required notice, when the plaintiff closed its case, and the defendant had no evidence at all on that subject.

Under the indorsement to the plaintiff was written the following:

"Pay to the order of Rockford Cabinet Co., without recourse.

THE THIRD NATIONAL BANK, ROCKFORD, ILL.

"M. A. KJELLGREN, *Cashier.*"

The defendant says the note itself disclosed the plaintiff was not the holder. The plaintiff had the note in court, which was proof it was the holder. The plaintiff was entitled to strike out the indorsement not necessary to its title. (Neg. Inst. Law, § 55, Gen. Stat. 1915, § 6575.) The petition pleaded ownership by indorsement from the talking machine company, and the formality of erasing the superfluous indorsement was not necessary. If the subject were presented to the district court, it was properly disposed of by ignoring it when the case was submitted to the jury.

The judgment of the district court is reversed, and the cause is remanded with direction to render judgment for the plaintiff.