## YOUNG v. ALEXANDER.

Circuit Court of Appeals, Eighth Circuit. November 9, 1928.

No. 8043.

F. Dumont Smith, of Hutchinson, Kan. (Eustace Smith and Arthur T. Symns, both of Hutchinson, Kan., on the brief), for plaintiff in error.

Earl Blake, of Wichita, Kan. (A. V. Roberts, Harold L. Blake, Ralph B. Blake, and J. E. Alexander, all of Wichita, Kan., on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and PHILLIPS and JOHN B. SANBORN, District Judges.

LEWIS, Circuit Judge. Error is assigned that the court sustained a demurrer to an amended complaint and dismissed the action, brought to recover on ten promissory notes. Plaintiff, as assignee of the payee of the notes, sued the maker. The amended complaint, as did the original, alleged that plaintiff had paid J. E. Stillwell, the payee, the full amount of each note and had taken from Stillwell an assignment of his interest in them, and ever since has been the owner and holder. The notes were filed with the complaint. Five of them bore Stillwell's

special indorsements and the other five his blank indorsements. The first five bore indorsements of the special indorsees to Fred E. Graham for collection, and the other five were also indorsed to Graham for collection. The court ruled that from the indorsements it appeared Stilwell had parted with his title long prior to June 15, 1926, the date of the assignment to plaintiff, and on account thereof plaintiff could not maintain the action.

But the complaint further alleged:

"That on the 12th day of March, 1919, one L. D. Alexander and his wife, Jessie W. Alexander, executed to this plaintiff their certain promissory notes aggregating $44,800 due in five years and as security therefor on the same date executed to this plaintiff their mortgage on about 9000 acres of land in Commanche County, Kansas. That this plaintiff for a valuable consideration sold, endorsed and delivered to J. E. Stillwell the said notes and mortgage, thereby made himself surety on the said notes. That thereafter default was made in the interest on said mortgage and taxes on said land, and the said J. E. Stillwell began proceedings in the District Court of Commanche County, Kansas, to foreclose said mortgage. That in the meanwhile the defendant herein had become the owner of said lands. That on the first day of November, 1920, J. E. Stillwell and this defendant entered into a certain contract in writing, a copy of which is hereto attached, marked 'Exhibit B' and made a part of this petition, whereby and in consideration of the dismissal of the said foreclosure suit by Stillwell and the extension of time upon the L. D. Alexander notes this defendant executed the notes herein sued upon. That thereafter this plaintiff for a valuable consideration endorsed each of the notes herein sued upon and thereby became liable as surety. That thereafter the said J. E. Stillwell endorsed each of the notes herein sued upon to various parties but that no consideration was received by the said Stillwell for the said endorsements for the said pretended transfer of any of said notes except Exhibit 2 assigned to W. W. Simon. That the said Stillwell remained at all times the owner of said notes, except Exhibit 2, and that said endorsements were made by the said Stillwell for the purpose of having the endorsees bring suit in the name of Fred E. Graham, and said suit was brought against this plaintiff as defendant in the Superior Court of Los Angeles County, California.

"That the said Stillwell, through Graham, who was in fact his Agent, brought into said Court and deposited with the said Clerk thereof all of the notes herein set out to abide the Judgment and order of said Court. Such proceedings were had in the said cause as that judgment was rendered in favor of Graham and against this plaintiff as defendant upon the note set forth in count number two of this petition and the Court thereupon ordered that whenever this plaintiff should pay the amount of said judgment on this one note that all of the notes hereinabove set forth should be delivered to this plaintiff. That this plaintiff immediately paid the said judgment and all of the notes herein described were thereupon delivered to him and he has ever since held the possession thereof.

"That thereafter and on June 15th, 1926, this plaintiff paid to the said Stillwell the full amount, with interest, of all of the notes herein set out and which were then in plaintiff's possession, and the said Stillwell thereupon executed the assignment 'Exhibit A' of this petition whereby this plaintiff became the sole owner and holder of all of said notes and is entitled to recover thereon."

As against the maker, nothing is disclosed that suggests the assignee-plaintiff did not succeed to all the rights of the payee; and the note being found in the hands of the payee after he had indorsed it, there is a presumption that he was again the lawful owner. He might have then stricken out all indorsements, because not necessary to his title, or they might be ignored. We are not concerned at present with the inquiry, whether the maker may not on plea and proof rebut the presumption; nor with the question, whether plaintiff has only the rights of a holder of nonnegotiable paper. 3 R. C. L. p. 985, § 195. In Third National Bank v. Phillips, 112 Kan. 717, 212 P. 671, the note sued on was given by Phillips to the Universal Talking Machine Company. The payee indorsed it specially to the bank and the bank indorsed it specially to the Rockford Cabinet Company. These indorsements appeared upon it at the trial. The court said:

"The defendant says the note itself disclosed the plaintiff was not the holder. The plaintiff had the note in court, which was proof it was the holder. The plaintiff was entitled to strike out the endorsement not necessary to its title. Neg. Inst. Act, § 55; Gen. Stat. 1915, § 6575. The petition pleaded ownership by indorsement from the Talking Machine Company, and the formality of erasing the superfluous indorsement was not necessary."

All of the notes sued on here were executed in Kansas, as shown on their faces, and

were payable there. In Vanarsdale v. Hax (C. C. A.) 107 F. 878, it appeared that an indorsee-plaintiff had made a special indorsement of the note sued on, which the note bore at the trial; and we held the special indorsement might be stricken, and said:

"Moreover, under the Kansas Code the real party in interest may maintain the action without reference to the indorsements."

The Supreme Court of the United States, in Dugan v. United States, 3 Wheat. 172, 173 (4 L. Ed. 362), said:

"After an examination of the cases on this subject (which cannot all of them be reconciled), the court is of opinion, that if any person, who endorses a bill of exchange to another, whether for value, or for the purpose of collection, shall come to the possession thereof again, he shall be regarded, unless the contrary appear in evidence, as the bona fide holder and proprietor of such bill, and shall be entitled to recover, notwithstanding there may be on it one or more indorsements in full, subsequent to the one to him, without producing any receipt or indorsement back from either of such indorsers, whose names may be stricken from the bill, or not, as he may think proper."

, Circuit Justice Livingston, in United States v. Barker, Fed. Cas. No. 14,517, considered facts much like those in the Dugan Case. A special indorsement made by the indorsee-plaintiff appeared upon the bill of exchange sued on. After holding that the plaintiff might strike the special indorsement the Circuit Justice said:

"Although it would perhaps be more reasonable and the better course always to presume, that the actual holder of a bill was its proprietor, unless the contrary were shown, without requiring * * * him to strike out any subsequent indorsement—as a bill seldom gets into the hands of a prior indorsee, until all the subsequent ones are satisfied."

See, also, 8 C. J. pp. 372, 373; Am. & Eng. Encyc. Law (2d Ed.) vol. 4, pp. 279, 280. The statement in 3 R. C. L. p. 984, § 192, that—

"An indorsement upon a negotiable instrument may be stricken out by the original payee upon his regaining possession in a bona fide manner, and he may recover upon such instrument as if it had never been indorsed,"

—is supported by the cases cited: Merrills v. Swift, 18 Conn. 257, 46 Am. Dec. 315, and Middleton v. Griffith, 57 N. J. Law, 422, 31 A. 405, 51 Am. St. Rep. 617. In McNeill v. Shellito, 185 App. Div. 857, 173 N. Y. S. 810, it appeared in an action by the payee's administrator against the maker of the note that the note, when introduced in evidence, bore the special indorsement of the deceased payee. The court said:

"The indorsement, however, did not rebut the presumption that the plaintiff, the personal representative of the payee, was the owner thereof. Possession of the note, though indorsed by the payee, is prima facie evidence of ownership. The only presumptions that arise under such circumstances are either that the note was not delivered to the indorsee after indorsement, or, if delivered, that it was retransferred to the payee as his property, or that it had been originally transferred only for collection. The payee in possession may recover notwithstanding his indorsement. He may strike out the indorsement or he may disregard the indorsement. It is a matter with which the maker has no concern, unless he has in his answer pleaded as a defense that the plaintiff is not the real party in interest."

Another reason assigned by the court for sustaining the demurrer was that the action was barred by the Statute of Limitations (Gen. St. Kan. 1915, § 6907), a five-year statute. All of the notes were dated November 1, 1920. Nine of them were made payable one year after date, the remaining one ninety days after date. The original complaint was filed September 27, 1926, and the amended complaint on May 27, 1927. The original complaint contained ten counts, one on each note, as does the amended complaint. Both alleged the same assignment by Stillwell of his interest in the notes to plaintiff for a valuable consideration. The first did not contain the allegations, supra, wherein it is stated that the indorsements by Stillwell were without consideration and made only for the purpose of having Graham bring a suit against plaintiff on the notes. Clearly, the first complaint was filed within five years after the nine notes became due. A demurrer was sustained to that complaint because, as claimed by counsel, the court was of opinion plaintiff did not show he had title to the paper by reason of unexplained indorsements; though the record does not show the reasons that moved the court to sustain that demurrer. The amended complaint also alleges, the original did not, that since the assignment on June 15, 1926, plaintiff has been in possession of all of the notes and the owner and holder thereof. We cannot agree with the contention of counsel for defendant.

that the first complaint did not state causes of actions on these notes and for that reason it was not amendable by the additional allegations found in the amended complaint. Those allegations were only additional statements of fact showing plaintiff's title.

As to the tenth note, due ninety days after date, it was clearly barred on September 27, 1926, when the original complaint was filed, unless the statute had been tolled. That note fell due on March 1, 1921, and the five-year period of limitation began to run on that day and expired on March 1, 1926. Up to that time plaintiff had not become owner and holder of this note nor until three and a half months thereafter. Both the original and amended complaints allege that plaintiff brought suit on the ninety-day note against defendant in the court below in 1925, that defendant was served with summons in that action, that thereafter on September 27, 1926, plaintiff dismissed that action without prejudice to a future action, whereby it failed otherwise than on its merits. These allegations are intended to bring the plaintiff's action on the ninety-day note within the terms of section 6912, Gen. Stat. Kan. 1915. That section, which has been statutory law in Kansas for many years, provides that if any action be commenced within due time and the plaintiff fail in such action otherwise than upon the merits and the time limited for the same shall have expired, the plaintiff may commence a new action within one year after the failure. It has been liberally construed, and when complied with the falling of the bar is stayed. McWhirt v. McKee, 6 Kan. 412; Hall v. Hurd, 40 Kan. 374, 19 P. 802; Seaton v. Hixon, 35 Kan. 663, 12 P. 22; Mc-Glinchy v. Bowles, 68 Kan. 190, 75 P. 123. It will be noticed that under the allegations plaintiff did not own this note for at least six months and a half after he sued upon it in 1925. He purchased it, however, from the payee Stillwell and it was assigned to him while that action was pending and he had it for more than three months prior to the dismissal of that action and the institution of this one. This is not the note on which plaintiff was sued by Graham in the California court. Counsel for plaintiff, to sustain his contention that the facts stated bring the case as to this note within the terms of section 6912, supra, calls attention to the section of the Kansas statute on the amendment of pleadings, which permits the adding or striking out of the name of any party, correcting a mistake in the name of a party, mistakes in any other respects, or the insertion of allegations material to the case when such amendments do not change substantially the claim or defense. And he cites us to Service v. Bank, 62 Kan. 857, 62 P. 670, wherein the Supreme Court of that State held, in an action brought to recover on a note and foreclose the mortgage securing it by one who did not own the note at the time, that it was not error to permit the substitution of the name of the true owner of the note and mortgage after judgment, that the substitution did not change the claim or cause of action nor the object for which the proceeding was brought and that the bringing of the action in the name of a wrong plaintiff stayed the running of the statute of limitations. The same ruling was made in Harlan v. Loomis, 92 Kan. 398, 140 P. 845.

But counsel for defendant contends that inasmuch as the first action on the ninety-day note was begun prior to plaintiff's purchase of it and the assignment from Stillwell, the statute has no application, that plaintiff at the time he brought that suit had no cause of action against defendant on the note, he did not own it. If that action had been brought in the name of Stillwell and plaintiff's name substituted after he purchased it in June, 1926, we would have no doubt that the statute applies. That action was not only brought in the name of a plaintiff who had apparently no interest in the note at the time but the five-year statute of limitation had fully run before he purchased the note. Plaintiff had no cause of action on that note when he sued the defendant in 1925, nor at any time within the limitation period. There are cases which hold under facts like these that the statute is tolled. 37 C. J. pp. 1090, 1091. But the Supreme Court of Kansas seems to have been given a contrary construction to its statute. In Smith v. Bourbon County, 43 Kan. 619, 23 P. 642, it appears that a railroad company had a contract with the county under which the county agreed to deliver to the company its bonds on the completion of the construction of the road. Smith had a contract with the railroad to do the construction work, and having complied with his contract he brought an action against the county and the railroad company to compel the county to deliver its bonds to him. He failed in that action. He then recovered a judgment against the railroad company for the amount which it owed him under his construction contract and an order that the company assign its rights to the bonds to him. He then filed his petition for writ of mandamus in the state Supreme Court to compel the county to deliver the bonds, claiming that, although the statute of limitation had

run, the bringing of his first action tolled the statute. The Supreme Court held against him on this contention, because when he brought his first action he had no claim or demand against the county. These are excerpts from the opinion in that case:

"We think that the provisions of section 23 [now section 22, Code Civil Procedure; section 6912, G. S. 1915] should be given a liberal construction; but where a plaintiff has no debt or legal or equitable claim against the defendant, and has no interest whatever in the subject-matter of the action, he cannot be considered as having 'an action undetermined' to renew or revive. He is not within the letter or the spirit of the statute. * * * Counsel for plaintiff refers to Seaton v. Hixon, 35 Kan. 663, 12 Pac. Rep. 22, as authority that, even if his suit of 1874 in the United States Circuit Court was prematurely brought, his present action is saved by section 23 of the Code. In that case, while the action was prematurely brought, Hixon had a claim and a lien for materials furnished by him as subcontractor upon the building owned by Seaton. He had an interest in the subject-matter of the action. His action was merely premature, because commenced within less than 60 days after the completion of the building, which, under the statute, is too soon. That case, therefore, differs materially from this. In this case the plaintiff had no lien upon the bonds in controversy, nor any legal or equitable claim against Bourbon county prior to December 5, 1879. * * * In other words, he contends that he stands in the same position as if his suit of 1874, in the United States Circuit Court, had been brought by the railroad company against the county. Neither the provisions of the Code nor the authorities support any such conclusion. The plaintiff had no action or cause of action against Bourbon county when he filed his bill in the United States Circuit Court in 1874, and the courts had no jurisdiction over Bourbon county. He could not champion the cause of the railroad company against Bourbon county, because he was a stranger to the county. In the suit of 1874, the plaintiff was not a proper party with the railroad company to recover the bonds from the county, because at that time he had no judgment against the railroad company, nor any legal or equitable claim against the county; therefore the plaintiff gained nothing by that suit, and could not keep alive the action or cause of action of the railroad company against Bourbon county by making the railroad company and Bourbon county defendants. The action or subject of action of the railroad company against Bourbon county was never litigated, and has never been in litigation, until the statute of limitation ran against it. * * * The suit of 1874 does not protect him under section 23. That suit could not, under any possible pleading, or in any state or federal court, have resulted to the interest or benefit of plaintiff. * * * It is not possible for an alleged action, or an alleged cause of action, which has no existence, and can have no existence, to survive."

Statutes similar to section 6912, supra, have been enacted in many if not all of the states; but investigation shows that many of them are quite different in phraseology. We are, of course, bound by the construction which the Supreme Court of Kansas gives to its statutes. The cause of action in the first suit must not only be the same cause of action as that in the second suit, under section 6912, but under the ruling in the Smith Case the party entitled to recover on that cause of action must have brought the first suit and brought it within the limitation period. Plaintiff Young could not maintain that action when he brought it and the limitation period of five years had fully run before he acquired a right to bring it.

We conclude that the demurrer to the tenth cause of action, brought on the ninety-day note, was properly sustained, and that the court erred in sustaining it as to the counts on the other nine notes. Reversed and remanded.