## THE "S. S. OSBORNE."

1. Where, to the next Circuit Court, the District Court sitting in admiralty allowed an appeal from its decree, although the same was not, in accordance with its rules, prayed for in writing, the jurisdiction of the Circuit Court at once attached, notwithstanding the failure of the clerk of the District Court to deliver within twenty days, as required by its rules, to the clerk of the Circuit Court the appeal and record.
2. A cross-appeal to this court must be prosecuted as any other appeal, or it will be dismissed.

APPEAL from the Circuit Court of the United States for the Northern District of Ohio.

William G. Winslow and Hezekiah J. Winslow filed their libel in the proper District Court against the schooner "S. S. Osborne," alleging that they were the owners of the schooner "American Union," and that while she was on her voyage on Lake Michigan the "S. S. Osborne," ran into her, whereby she suffered damage, and that the collision was caused solely by the negligence and improper conduct of the "S. S. Osborne."

The "S. S. Osborne" was seized, but was subsequently released, on Bliss O. Wilcox, the claimant, entering into the requisite stipulations. He answered the libel by denying its material allegations, and filed a cross-libel against the "American Union," claiming that she was wholly in fault, and that by the collision

the "S. S. Osborne" was damaged. The answer to the cross-libel was filed, and, Dec. 26, 1877, the District Court dismissed the cross-libel and rendered a decree against the "S. S. Osborne," from which on the same day Wilcox appealed. The entry in relation thereto is inserted in the opinion of this court. The Circuit Court, both parties appearing therein, rendered a decree, from which each appealed. The remaining facts are stated in the opinion of this court.

*Mr. Jacob D. Cox* and *Mr. S. Prentiss* for the claimant.

*Mr. H. A. Terrell* and *Mr. Albert G. Riddle, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The question presented by the appeal of the Winslows is, whether the Circuit Court erred in taking jurisdiction of the appeal of Wilcox from the District Court. Sect. 631 of the Revised Statutes provides that from all final decrees of the District Courts in causes of equity or of admiralty and maritime jurisdictions, except prize causes, where the matter in dispute exceeds fifty dollars, appeals shall be allowed to the Circuit Court next to be held in such district, and the Circuit Court is required to receive, hear, and determine such appeal. It is not declared in this section what shall constitute an appeal from the District to the Circuit Court, any more than it is in sect. 692 what shall be an appeal from the Circuit Court to this court. Admiralty Rule 45 of this court provides that appeals from the District to the Circuit Courts, in admiralty cases, must be made while the court is sitting, or within such other period as shall be designated by the District Court by its general rules, or by an order specifically made in a particular suit, or, in case no such rule or order is made, then within thirty days from rendering the decree; and, Rule 46, that in cases not provided for by the rules of this court, the District and Circuit Courts may regulate their own practice.

The District Court for the Northern District of Ohio provided by rule that appeals in admiralty to the Circuit Court should be taken within ten days from the date of the decree, unless further time was given by a special order of the judge; that the appeal should be in writing and specify particularly

from what part of the decree, if less than the whole, it was taken ; whether it was intended to make any new allegations or proofs, and, if so, what; whether it was: intended to pray for any other relief, and, if so, what; and further providing that on the trial the appellant should be strictly confined to the specifications in his appeal. The rule also required that the appeal should be filed with the clerk, and from that time, security having been given, iv should be considered perfected. It was then made the duty of the clerk, within twenty days, unless a longer time should be allowed by the judge, to prepare and deliver to the clerk of the Circuit Court, together with the appeal, the record required by the fifty-second rule of this court, and that when this was done so much of the case as was appealed should be in the exclusive control of the Circuit Court.

In the present case the date of the decree in the District Court was Dec. 26, 1877. At the foot of the decree, and as part of it, is the following : —

"And thereupon said Bliss O. Wilcox, claimant of said schooner 'S. S. Osborne,' gave due notice of his intention to appeal this cause to the next Circuit Court, which said appeal is allowed, and bond therefor is fixed at eight thousand dollars. And it is further ordered that the time within which said appeal shall be perfected shall be extended for the period of twenty days from this date."

It does not appear that any formal appeal in writing was ever filed with the clerk of the District Court, but within the time fixed bond for an appeal was given and duly accepted. The record was not filed in the Circuit Court, neither was the cause docketed there until Feb. 27, 1878. This was during the term of the Circuit Court which began on the 15th of January, and which was the term next held after the decree in the District Court. With the record there was filed in the Circuit Court an appeal in writing, such as the rule required. On the 11th of March the Winslows moved the Circuit Court to dismiss the suit, because no appeal in writing had been made, as the rules of the District Court required, and also because the suit had not been docketed in the Circuit Court in time. This motion was denied. The ruling of the Circuit Court to that effect is now assigned for error by the Winslows.

An appeal in admiralty from the District to the Circuit Court must be to the term of the Circuit Court held next after the decree, and it must be made while the District Court is sitting, or within the time required by the general rules or a special order. These requirements are jurisdictional. They are prescribed either by the act of Congress or by the rules of this court, promulgated under the authority of an act of Congress, and having the force of law. All except this is mere procedure in either the District or Circuit Court. The rule of the District Court, requiring an appeal to be in writing and filed with the clerk, could certainly be dispensed with by that court. It simply prescribed a mode of proceeding to get an appeal, and while it continued in force the court might properly refuse to allow an appeal or accept security until what was required had been done. But if the District Court allows an appeal without the writing, the appellee cannot object to the jurisdiction of the Circuit Court on that account. Here it distinctly appears that Wilcox claimed his appeal while the court was sitting, and that his claim was formally allowed by the court. In this way any further appeal in writing was dispensed with, and when afterwards the bond was given and accepted, the appeal was as clearly perfected as it would have been if a writing, such as the rule required, had been filed with the clerk. From that time the jurisdiction of the Circuit Court attached, and could not be taken away by any act or requirement of the District Court.

The provision in the rule of the District Court, that the clerk should prepare and deliver to the Circuit Court the appeal and record in twenty days, cannot prevent the Circuit Court from entertaining the cause if for any reason this is not done. The appeal, when once made, continues during the whole of the next term of the Circuit Court, unless sooner dismissed by that court for want of prosecution or otherwise, in accordance with its own practice. It follows that, so far as the appeal of the Winslows is concerned, the decree must be affirmed.

When the decree of the Circuit Court was rendered, both the Winslows and Wilcox appealed to this court. The Winslows filed the transcript and docketed their appeal here on the 19th of September, 1879; but Wilcox neither entered his

appearance as an appellant in this court, nor did anything to make himself an actor in reference to his own appeal, until March 23, 1882, the day before the cause was called for hearing. Under these circumstances we must decline to consider his appeal. *Grigsby v. Purcell*, 99 U. S. 505. Rule 9 of this court requires every plaintiff in error or appellant, on docketing his cause, to have the appearance of counsel entered; and Rule 10, that he secure the costs. Cross-appeals must be prosecuted like other appeals. Every appellant, to entitle himself to be heard on his own appeal, must appear here as an actor in his own behalf by having the appearance of counsel entered and giving the security required by the rules. Otherwise, if he is here as appellee on the appeal of his adversary, he will be heard only in support of the decree as it was entered below. If he asks affirmative relief beyond what he got below, he must enter himself in this court in due time as the prosecutor of his own appeal, even though his adversary has docketed the case against him.

*Decree affirmed. The appeal of Wilcox dismissed for want of prosecution.*