# DISTRICT OF COLUMBIA *v.* FRAZER.

PLEADING AND PRACTICE; AMENDED DECLARATION; STATUTE OF LIMI-
TATIONS; MUNICIPALITIES; SIDEWALKS; NEGLIGENCE; APPELLATE
PRACTICE; BILLS OF EXCEPTION, PREPARATION OF.

1. Where an amended declaration has been substituted for the original
   declaration in an action against a municipality for negligence
   in failing to keep a sidewalk in a safe condition, and the de-
   fendant pleads that a new cause of action is stated in the
   amended declaration so that the action is barred by the statute
   of limitations, the test is whether the cause of action remains
   the same in substance, notwithstanding differences of specification
   of negligence; and where the foundation of the action in both
   pleadings, is the negligence of the defendant in the performance
   of its duty to keep its sidewalks in a safe condition, the plea
   will be overruled.
2. A municipality is liable for injury sustained by one who, while
   exercising ordinary care, slips upon a bed of ice, covering part
   of a sidewalk, which was not the result of frost or the casual
   freezing of rain or melted snow, but of a flow of water from
   abutting premises, that in freezing weather regularly produced
   the same result to an extent that rendered it a dangerous ob-
   struction to travel, provided that such conditions had existed
   for such a length of time that the municipal officers would neces-
   sarily have discovered them by the exercise of ordinary care under
   all the circumstances; and there is no substantial ground for a
   distinction between a smooth and corrugated bed of ice as af-
   fecting the question of responsibility.
3. A bill of exceptions reciting questions and answers, interspersed
   with brief statements of the arguments made in the course of ob-
   jections, together with occasional colloquies between counsel and
   court arising on such objections, instead of presenting the relevant
   portions of the evidence in narrative form, violates Sec. 4 of
   Rule V of this court; and the court has power, of its own motion,
   to refuse to consider it.

No. 1253.  Submitted December 10, 1902.  Decided January 20, 1903.

HEARING on an appeal by the defendant, the District of
Columbia, from a judgment of the Supreme Court of the

District of Columbia on the verdict of a jury in an action to recover damages for personal injuries.        *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. A. B. Duvall,* Corporation Counsel, and *Mr. E. H. Thomas,* assistant, for the District of Columbia:

1. The legal effect of the whole evidence will be considered by an appellate court, and if but one inference can reasonably be drawn from it the question of negligence or no negligence is one of law for the court. *District of Columbia* v. *Moulton,* 182 U. S. 582; *Washington Gas Light Co.* v. *Poore,* 3 App. D. C. 137; *District of Columbia* v. *Boswell,* 6 App. D. C. 417.

2. The amended declaration is a departure from the original cause of action and states a new cause of action which is barred by the statute of limitations. This is so because no cause of action was stated in the original declaration. See *Holtzman* v. *U. S.,* 14 App. D. C. 454; *Johnston* v. *District,* 1 Mackey, 429; *Lewis* v. *W. & G. RR.,* 6 Mackey, 557; *Union Pacific RR. Co.* v. *Wyler,* 154 U. S. 285.

2. The amended declaration states no cause of action, and in addition the legal effect of the whole evidence required the court to instruct the jury to return their verdict for the defendant.

3. No defect having been alleged or proved in the sidewalk, even of ice formed thereon by reason of water flowing from the stable, the defendant corporation is not responsible. *Free* v. *District of Columbia,* 21 D. C. 608; *Hixon* v. *Lowell,* 13 Gray (Mass.), 59; *Hixon* v. *City of Lowell,* 13 Gray (Mass.), 63. Notice to a town or city, which is bound to keep a way in repair, of a cause outside of the way, which may produce a defect in the way, is no notice of the defect itself if produced; nor is the existence of such a cause for twenty-four hours previous to the occurrence of an injury suffered through the defect equivalent to the existence of the defect itself for that time. *Billings* v. *Worcester,* 102 Mass. 329 (overruling *Hall* v. *City of*

*Lowell,* 10 Cush. [Mass.] 260) ; *Taylor* v. *Yonkers,* 105 N. Y. 202–207. Ice formed from a watering trough does not constitute a defect on the sidewalk which will render a city liable. *Mueller* v. *Milwaukee,* 110 Wis. 623 ; *Chamberlin* v. *Oshkosh,* 84 Wis. 292, 293. There is no liability on the part of a municipality whether the slippery street was produced by a general cause or by some local cause. *Harrington* v. *City of Buffalo,* 121 N. Y. 147 ; *Nason* v. *Boston,* 14 Allen (Mass.), 508 ; *Cook* v. *Milwaukee,* 27 Wis. 191, pumping water from an engine. The duty of a city is not affected by the fact that the ice is in part the result of artificial causes. *Henkes* v. *Minneapolis,* 42 Minn. 530. Where a city maintained a sidewalk sufficient for all ordinary purposes, the fact that it contained slight inequalities and depressions in which water stood and froze is insufficient to show negligence rendering the city liable for injuries to one who slipped on ice formed in such depressions. *Hogan* v. *Watervliet,* 59 N. Y. Supp. 103. A city is not liable if the sidewalk is sufficiently level for ordinary purposes. *Johnson* v. *Lowell,* 12 Allen (Mass.), 572. As a matter of law it is not liable if the ice has a slope of one inch in eight. *Gilbert* v. *Roxbury,* 100 Mass. 185. The city is not liable unless the ice is so thick as to be an obstruction by height. *Stanton* v. *Springfield,* 12 Allen (Mass.), 566. Municipalities are not liable for level, slippery sidewalks. *Broburg* v. *Des Moines,* 63 Iowa, 523 ; *Smith* v. *Bangor,* 72 Me. 249 ; *Borough* v. *Kline,* 100 Pa. St. 119 ; *Chase* v. *City of Cleveland,* 44 Ohio St. 505, decided on demurrer. Ice caused by water from melting ice running over sidewalk two or three inches deep remaining two or three weeks creates no liability. *Gram* v. *Greenbush,* 3 N. Y. Supp. 76 ; *Anthony* v. *Glens Falls,* 38 N. Y. Supp. 536. Testimony that an obstruction is " dangerous " and that it was " always slippery in winter " is properly excluded as mere inferences from the facts. *Betts* v. *Village,* 8 N. Y. Supp. 795. See also *Foley* v. *Troy,* 45 Hun, 396.

*Mr. Andrew Y. Bradley* and *Mr. H. Prescott Gatley* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a judgment rendered against the District of Columbia in favor of Anne E. W. Frazer in an action for damages on account of a fall received through the defective condition of a sidewalk.

Only two questions are presented by the record. These are: 1. Whether the action was barred by limitation; 2. Was there sufficient evidence to warrant the submission of the question of negligence to the jury.

1. The first of these questions turns upon the point whether the amended declaration, filed more than three years after the cause of action accrued, set up such a different ground of action as to open the case to the plea of limitation. Plaintiff was hurt January 27, 1897.

The original declaration, filed August 18, 1898, joined one J. W. Preston as a codefendant. The charge against him was, substantially, that he occupied the premises abutting the sidewalk where plaintiff, without negligence on her part, fell upon the accumulated ice; and that it was his duty, under the law, to strew said sidewalk with sand, ashes, sawdust, or the like, to prevent danger to pedestrians; and that he had neglected to perform the same. As to the District of Columbia, it was charged to be its legal duty to keep its sidewalks free from obstruction and danger to pedestrians, as well also as to cause the same, when covered with ice, to be strewed with sand or the like, in case the abutting occupant shall have failed to do so. On account of the failure of duty and negligence of defendants, respectively, damages were asked of each.

The case was subsequently discontinued as to Preston, and an amended declaration was filed March 21, 1902. This amendment omitted all mention of the duty in respect of strewing sand, etc., upon the sidewalks, and, repeating the allegation of the duty of the District to keep its sidewalks in good repair, free from dangerous obstructions, etc., charged that for some time prior to the accident the sidewalk, at the place thereof, had become defective and dangerous. It fur-

ther charged that defendant had permitted large quantities of ice to accumulate and remain on the sidewalk at the said place, which rendered it unsafe and caused the fall of plaintiff.

Where, as in this case, there has been a substitution of the original declaration by an amendment, the test is whether the cause of action remains the same in substance, notwithstanding differences of specification. *Howard* v. *Railway Co.,* 11 App. D. C. 300, 336; *T. & P. Ry. Co.* v. *Cox,* 145 U. S. 593, 604.

Applying this test, we are of opinion that there was no error in overruling the plea of limitation. The foundation of the action, in both pleadings, is the negligence of the defendant in the performance of its duty to keep its sidewalks in a safe condition.

2. The evidence, on behalf of the plaintiff, tended to show the following facts: The premises abutting the street, at the place where plaintiff received her fall, had been occupied for several years by a building used as a barn and stable wherein wagons and horses were kept for daily use. On account of the grade of the parking and sidewalk, the water regularly used in washing wagons in said barn was accustomed to flow across both to the gutter. This flow kept the sidewalk wet for a space of some feet and some of the water remained, at times, in depressions therein.

This condition existed throughout the winters of 1895–6 and 1896–7, during which time, in freezing weather, ice would accumulate on the space aforesaid in such manner as to render walking thereon unsafe.

During severe cold, on January 27, 1897, a light snow fell, and was falling as plaintiff walked along the sidewalk in the exercise of ordinary care. In crossing the space before described, which was then and there covered with ice an inch or more thick in places, plaintiff slipped, fell upon the sidewalk and sustained painful injuries.

This evidence was submitted to the jury with a charge that correctly defined the law in respect of constructive no-

tice to a municipal corporation of obstructions in its sidewalks.

The jury were, also, expressly charged that a mere slippery condition of the sidewalk, which might happen from frost or from the freezing of rain or melted snow, would not constitute an actionable obstruction; but that the plaintiff could not recover unless they believed from the evidence that the ice had been solely caused by the flow of water from the stable.

The question for our determination, then, under the evidence and the charge of the court, resolves itself into this:

Is a municipal corporation legally responsible for injuries sustained by one who, while exercising ordinary care, slips upon a bed of ice, covering a part of a sidewalk, which was not the result of frost or the casual freezing of rain or melted snow, but of a flow of water from abutting premises, that in freezing weather regularly produced the same to an extent that rendered it a dangerous obstruction to travel? Provided, always, that these conditions had existed for such a length of time that the municipal officers would necessarily have discovered them by the exercise of ordinary care under all the circumstances.

We have no doubt of this responsibility, for we can perceive no distinction, in principle, between the nature of this obstruction, under the limitations stated, and others, for the negligent creation or sufferance of which liability has been universally recognized. *Baltimore* v. *Marriott,* 9 Md. 160, 167. Nor have we been able to perceive any substantial ground for a distinction between a smooth and a corrugated bed of ice, as affecting the question of responsibility, that has been recognized in some of the decided cases. Our judgment approves the reasoning of a line of well-considered cases, some of which we cite, that deny the reasonableness of any such distinction. *Magaha* v. *City of Hagerstown,* 51 Atl. Rep. 832 (Maryland Court of Appeals, April 1, 1902); *Cloughessey* v. *City of Waterburg,* 51 Conn. 405; *Decker* v. *Scranton,* 151 Pa. St. 241.

3. In conclusion, we think it proper to call attention to

the failure to observe the requirements of Section 4 of Rule V in the preparation of the bill of exceptions for the review of the judgment in this case. It consists, apparently, of a substantial transcript of the stenographic report of the proceedings on the trial. The latitude afforded by the rule in cases where defect of proof is made a ground of error has been far exceeded. Instead of presenting the relevant portions of the evidence in narrative form, the statement is made up almost entirely in the shape of questions and answers, many of which could have been omitted as immaterial.

This recital of questions and answers is interspersed with brief statements of the arguments made in the course of objections, together with occasional colloquies between counsel and court arising on those objections.

The bill of exceptions, not having been objected to, has been considered. But we take this occasion to say that the court has the power, of its own motion, to refuse to consider a bill of exceptions that shall have been prepared in disregard of its rules.

We have found no error in the proceedings on the trial and the judgment will, therefore, be affirmed. It is so ordered.

*Affirmed.*