KING v. L. M. SOUTHERN REAL ESTATE
CO.

No. 20039.   Supreme Court

Error to Court of Appeals, Cuyahoga County.   Decided March 15, 1927.

923.   PLEADING—Where one fails to qualify as to filing motion to certify, he cannot thereafter get into court by filing a cross petition to a motion to certify made by another person although the suit by the second person is of the same subject matter.

PER CURIAM.

George C. Dissette, as receiver of the L. M. Southern Real Estate and Improvement Company, the administrators of the estate of William M. Southern, deceased, Southern Realty Company, and Anna L. Southern have moved to quash service of process upon the cross-petition in error filed in this cause by Paul R. Brown, as administrator de bonis non of the estate of L. M. Southern, deceased, on the ground that the court had no jurisdiction of the persons of said defendants upon cross petition. The real purport of the motios is to strike the cross petition from the files, on the ground that the same was not filed within the statutory period of seventy days from the entry of the final judgment in the Court of Appeals. The final judgment was entered on June 1, 1926, and Brown, as administrator, did not file a motion to certify the cause to this court on the ground of public and great general interest, neither did he file any other proceeding seeking to have a review of that judgment until Jan. 22, 1927, a period of nearly eight ntomhs after the entry of final judgment in the Court of Appeals.   His cross-petition in error was filed on the theory that the entire cause was certified to this court upon motion of Kitty Southern King, and that the entire cause was thereby transferred to this court for review.   The Supreme Court held:

1.   The controlling feature of the case, as presented by the motion under consideration, is that the cross-petition in error seeks no relief against King, but on the contrary the relief sought by the cross-petition in error pertains to the same alleged error complained of by Kitty Southern King, and the relief is sought against the same judgment entered in the Court of Appeals seeking final judgment in favor of said cross-petitioner in error.

2.   It is apparent that Brown had the same opportunity and the same period of time within which to file a motion to certify and upon allowance of such motion to certify would have had the same period within which to file a petition in error against the judgment now under review, which would not have been a cross-petition, but a direct petition in error wherein Brown might have prayed relief in his favor.

3.   The statute which fixes seventy days as the limit of time for filing a petition in error therefore applies to Brown as administrator de bonis non, and this is not a mere statute of limitations, but, on the contrary, becomes a jurisdictional bar to filing a petition in error after the lapse of seventy days.

4.   The order in the Court of Appeals was a dismissal of Brown as administrator de bonis non, and any relief obtained by him would be against the defendants in error and not against the plaintiff.

5.   The nature of a cross-petition in error is discussed at length in the following cases: Mannix v. Purcell, 46 OS. 151; Bundy v. Ophir Iron Co., 35 OS. 80; Shinkle v. First Nat. Bk. of Ripley, 22 OS. 516; and upon the principles declared in those cases the cross petition in error must be stricken from the files.

Motion sustained.

(Marshall, CJ., Day, Allen, Kinkade, Robinson, Jones & Matthias, JJ. concur.)

Attorneys—Howell, Roberts & Duncan, for King; John A. Cline and Geo. C. Dissette, W. A. Strong, Neal Collins, Robt. L. Carr, White Hammond, Brewer & Curtis; Sawyer, Cummins, Mook, Strong & Douglas and Paul R. Brown for L. M. Southern Realty Co.; all of Cleveland.

_____

No. 488

STATE ex JANSON v. ESCHLIMAN

No. 20089.   Supreme Court

Decided Dec. 28, 1926.

801.   MUNICIPAL LAW—Mayor may appoint civil service commission, and statute providing for same is constitutional.

985.   QUO WARRANTO—Such action does not lie to oust present incumbent of municipal civil service commission, by one who was dismissed before term was up.

PER CURIAM.

This cause coming on to be heard upon the demurrer to the answer of the respondent herein, the court upon consideration thereof overrules said demurrer, for the reasons:

1.   First, that the court is of the opinion that Sec. 486-19 GC. is not in contravention of the provisions of the Constitution of the State of Ohio.

2.   Second, that the petition affirmatively shows that relator "refused to appear in response to the notice of the mayor at said hearing conducted on said charges on the 23rd day of August, 1926", thereby not availing himself of the opportunity afforded by law for the protection of his rights, if any, in the premises.

The demurrer filed to the answer herein, is therefore overruled, the judgment of ouster prayed for by the relator is denied, and the petition is dismissed at the cost of the relator.

Petition dismissed.

(Marshall, CJ., and Jones, Matthias, Day, Allen and Kinkade, JJ., concur.   Robinson, J., not participating.)

Attorneys—Price Janson, Canton, for State ex; Lynch, Day, Fimple, Pontius & Lynch, Canton, for Eschliman.