HAMMERER v. HUFF, General Superintendent, D. C. Penal Institutions.

No. 7529.

United States Court of Appeals for the District of Columbia.

Decided Dec. 28, 1939.

James J. Laughlin, of Washington, D. C., for appellant.

David A. Piné, U. S. Atty., and John J. Wilson, Asst. U. S. Atty., both of Washington, D. C., for appellee.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from an order of the District Court of the United States for the District of Columbia discharging a writ of habeas corpus and dismissing the petition under which it was issued. As they appear from the petition and the return thereto and from a stipulation, the facts are as follows: On November 7, 1934, the appellant was convicted in the Supreme Court of the District of Columbia, now the District Court of the United States for the District of Columbia, of the crime of forgery (violation of the Act of March 4, 1909, c. 321, § 29, 35 Stat. 1094, 18 U.S.C. § 73 (1934), 18 U.S.C.A. § 73), and on the same day was sentenced to a term of imprisonment of not less than one year and six months and not more than three years, this sentence to take effect on the date of its imposition. The appellant was first committed to the Washington Asylum and Jail, but was later transferred and committed to the District of Columbia Reformatory at Lorton, Virginia. The limit of the appellant's maximum term under this sentence was November 7, 1937, but good conduct deductions to which he was entitled under the Act of June 21, 1902, c. 1140, § 1, 32 Stat. 397, 18 U.S.C. § 710 (1934), 18 U.S.C.A. § 710, amounting to approximately eight months and nine days, entitled him to release on February 26, 1937, and he was on that date released from Lorton. This release was, however, subject to the Act of June 29, 1932, c. 310, § 4, 47 Stat. 381, 18 U.S.C. § 716b (1934), 18 U.S.C.A. § 716b, providing that a prisoner who has served his term "less deductions allowed therefrom for good conduct, shall upon release be treated as if released on parole and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term or terms specified in his sentence.". While at large under this conditional release, the appellant again committed forgery in the District (in this instance violation of the Act of March 3, 1901, c. 854, § 843, 31 Stat. 1326, D.C.Code (1929) tit. 6, § 86). He was convicted of this second offense in the District Court on June 10, 1938, and was on that day sentenced to a term of imprisonment of one year to one year and six months, this sentence to commence upon the date of its imposition. Under this second sentence the appellant was again committed, first to the Washington Asylum and Jail, and then to the same District of Columbia Reformatory at Lorton, Virginia, where he had been imprisoned under the first sentence. Under the second sentence, less good conduct deductions, the appellant was entitled to be discharged August 8, 1939, that is to say, approximately one year and fifty-nine days after the commencement of his second sentence. But he was not released on that date for the reason that on May 20, 1937, the District of Columbia Board of Indeterminate Sentence and Parole had, under the Act of July 15, 1932, c. 492, § 5, 47 Stat. 698, D.C.Code (Supp.1939) tit. 6, § 455, issued a warrant charging the appellant, because of his commission of the second crime, with a violation of his conditional release under the first sentence; and the Board had, after the arrest of the appellant for his second crime, lodged this warrant with the appellee, Ray L. Huff, the General Superintendent of the District of Columbia Penal Institutions, as a detainer. The appellant was, however, not arrested or committed under this parole warrant; and at the time of the filing of the petition for a writ of habeas corpus, August 9, 1939, the Board had taken no action with reference to the revocation of the appellant's conditional release, under the Act of July 15, 1932, c. 492, § 6, 47 Stat. 698, D.C.Code (Supp. 1939) tit. 6, § 456, which provides:

"Revocation of parole.—At the next meeting of the Board of Indeterminate Sentence and Parole held after the issuing of a warrant for the retaking of any paroled prisoner, said board shall be notified thereof, and if such prisoner shall have been returned to the institution, he shall be given an opportunity to appear before said Board of Indeterminate Sentence and Parole, and the said board may then, or at any time in its discretion, revoke the order and terminate such parole or modify the terms and conditions thereof, and if such order of parole be revoked and the parole so terminated the said prisoner shall serve the remainder of the sentence originally imposed, the unexpired term of imprisonment of any such prisoner to begin to run from the date he is returned to the institution, and time the prisoner was out on parole shall not be taken into account to diminish the time for which he was sentenced: . . . ."

█ The record of the second sentence imposed upon the appellant apparently showed merely the terms of that sentence

as above set forth. But it was alleged in the petition for the writ of habeas corpus that at the time of the imposition of the second sentence the trial judge "was advised of the good time [the deductions for good conduct] . of the aforesaid previous sentence [the first sentence] . . ." of the appellant "and so ruled that same should run concurrent with the aforesaid current sentence [the second sentence]." This was not denied in the appellee's return to the writ, and, therefore, under Rule 8 (d) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, stood admitted in the trial court in the instant case. And on this appeal it is conceded by the appellee, for the purpose of this case and the case in which the second sentence was imposed, that "the trial judge . . . intended that this sentence [the second sentence] should run concurrently with the unexpired portion of the prior sentence." We therefore assume in the appellant's favor a correction, permissible under Downey v. United States, 1937, 67 App.D. C. 192, 91 F.2d 223, of the record of the second sentence—for clerical failure correctly to record the sentence as uttered by the judge. And we therefore treat the case as if the second sentence as recorded contained the stipulated direction that the unexpired portion of the first sentence and the second sentence should run concurrently.

Upon the foregoing facts the appellant contends that his confinement after August 8, 1939, the date of the expiration of the maximum of his second sentence less good conduct, is illegal for the reason that under the stipulated sentence of the judge the unexpired portion (eight months and nine days) of the first sentence ran concurrently from June 10, 1938, the beginning of the second sentence, with that sentence, so that the unexpired portion of the first sentence, being less than the time (one year and fifty-nine days) actually served under the second sentence, had run out before termination of the latter. To the contrary the appellee contends—and the court below, in discharging the writ, held—that in the absence of a revocation by the District Board of Parole of the appellant's conditional release, the unexpired portion of the

first sentence did not commence to run again and therefore the second confinement of the appellant in Lorton was under the second sentence only.

The appellee rests his contention upon Zerbst v. Kidwell, 1938, 304 U.S. 359, 58 S. Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808. In that case, decided under statutes concededly similar to those applicable to the instant case,[1] the facts also were similar to those here, except that in Zerbst v. Kidwell there was no inclusion within the second sentence of a direction on the part of the trial judge that it and the unexpired portion of the previous sentence should run concurrently. The contentions of the parties were the same as those in the instant case. The Supreme · Court rejected the view that, under the circumstances and statutes involved, the second sentence and the unexpired portion of the first sentence ran concurrently. It said:

"When respondent committed a federal crime while on parole, for which he was arrested, convicted, sentenced and imprisoned, not only was his parole violated, but service of his original sentence was interrupted and suspended. *Thereafter, his imprisonment was attributable to his second sentence only,* and his rights and status as to his first sentence were 'analogous to those of an escaped convict.' Not only had he—by his own conduct—forfeited the privileges granted him by parole, but since he was no longer in either actual or constructive custody under his first sentence, *service under the second sentence can not be credited to the first* without doing violence to the plain intent and purpose of the statutes providing for a parole system. [Italics supplied]

"*The Parole Board and its members have been granted sole authority to issue a warrant for the arrest and return to custody of a prisoner who violates his parole.* [Italics supplied]. A member of the Board ordered that respondent be taken into custody *after* completion of the second sentence. *Until completion of the second sentence—and before the warrant was served—respondent was imprisoned only by virtue of the second sentence.* [Italics supplied] There is, therefore, no question as to concurrent service of sentences, unless—as respondent contends—§ 723c required that the unexpir-

---

[1] Cf. 47 Stat. 381 (1932), 18 U.S.C. § 716b (1934), 18 U.S.C.A. § 716b; 46 Stat. 272 (1930), 18 U.S.C. § 723c (1934), 18 U. S.C.A. § 723c; 36 Stat. 820 (1910), 18 U.S.C. § 719 (1934), 18 U.S.C.A. § 719. See, also, 47 Stat. 698 (1932), D.C.Code (Supp.1939) tit. 6, § 458.

ed part of respondent's first sentence begin when he was imprisoned under the second sentence. That section provides: "'. . . The Board of Parole . . . or any member thereof, shall have the exclusive authority to issue warrants for the retaking of any United States prisoner who has violated his parole. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the institution, and the time the prisoner was on parole shall not diminish the time he was originally sentenced to serve.'

"Obviously, this provision does not require that a parole violator's original, unexpired sentence shall begin to run from the date he is imprisoned for a new and separate offense. It can only refer to reimprisonment on the original sentence under order of the Parole Board.

"*Since service of the original sentence was interrupted by parole violation, the full term of that sentence has not been completed. Just as respondent's own misconduct (parole violation) has prevented completion of the original sentence, so has it continued the authority of the Board over respondent until that sentence is completed and expires.* [Italics supplied] Discretionary authority in the Board to revoke a parole *at any time before expiration of a parolee's sentence* was provided—and is necessary—as a means of insuring the public that parole violators would be punished. The proper working of the parole system requires that the Board have authority to discipline, guide and control parole violators whose sentences have not been completed. It is not reasonable to assume that Congress intended that a parolee whose conduct measures up to parole standards should remain under control of the Board until expiration of the term of his sentence, but that misconduct of a parole violator could result in reducing the time during which the Board has control over him to a period less than his original sentence.

"Parole is intended to be a means of restoring offenders who are good, social risks to society; to afford the unfortunate another opportunity by clemency—under guidance and control of the Board. Unless a parole violator can be required to serve some time in prison in addition to that imposed for an offence committed while on parole, he not only escapes punishment for the unexpired portion of his original sentence, but the disciplinary power of the Board will be practically nullified. If the parole laws should be construed as respondent contends, parole might be more reluctantly granted, contrary to the broad humane purpose of Congress to grant relief from imprisonment to deserving prisoners.

"Respondents have not completed service of their original sentences and were not entitled to release. . . ." [304 U.S. at pages 361–363, 58 S.Ct. at pages 873–874, 82 L.Ed. 1399, 116 A.L.R. 808.]

We think this decision of the Supreme Court, in view especially of the italicized portions of the opinion, makes clear that in the instant case only the District Board of Parole, by terminating the conditional release, could cause the unexpired portion of the first sentence to commence to run again, and that the trial judge in imposing the second sentence had no power to cause it and the unexpired portion of the first sentence to run concurrently.

The appellant makes the further contention that under the Act of July 15, 1932, c. 492, § 6, 47 Stat. 698, D.C.Code (Supp. 1939) tit. 6, § 456, *supra,* it was the duty of the Board of Parole at the next meeting after the issuance of the warrant and the return of the appellant to the penitentiary to give him an opportunity to appear before the Board, and that had it done so the Board itself might have terminated the conditional release and thus caused the unexpired portion of the first sentence to run concurrently with the second. We do not rule upon the question whether under the section referred to it was the duty of the Board to cause the appellant to be brought before it at the next meeting after his return to the penitentiary under the second sentence, rather than upon the parole warrant. The question on this record is not what the Board might have done. The question is whether what the trial judge did could have the effect to cause a concurrent running of the two sentences. This we have sufficiently answered in the negative.

Affirmed.