Joseph J. Dawes, of Leavenworth, Kan., for petitioner.

Eugene W. Davis, Asst. U. S. Atty., for District of Kansas, of Topeka, Kan., for respondent.

## QUINN v. HUNTER.

### H. C. No. 927.

District Court, D. Kansas, First Division.

Feb. 13, 1946.

HELVERING, District Judge.

The petitioner, having been duly sworn, fully testified before the Court in his own behalf and submitted his evidence in this cause and, thereafter, respondent introduced his testimony and evidence and said cause was argued to the Court by counsel for the parties. On request of counsel the parties were each given fifteen days in which to file briefs with the Court.

Thereafter and on the 2d day of November, 1945, on application of the respondent and for good cause shown, this case was continued for forty days from said date to permit respondent to take depositions and on December 17, 1945, on agreement of counsel and order of the Court, said cause was further continued for thirty days from said date to allow the parties, through their respective counsel, to take depositions in Cook County, Illinois. Said depositions were taken on January 18, 1946, filed in this case on January 24, 1946, and the Court finds that said depositions are regular in all respects and admissible as evidence in this cause.

And now on this 11th day of February, 1946, this cause comes on for determination by the Court, and the Court, having considered the pleadings filed in this cause and the exhibits attached thereto and made

a part thereof, the testimony and evidence introduced at the hearing held hereon, the depositions filed herein, having considered the arguments of counsel presented orally and by brief, and being fully advised in the premises, finds all of the issues in said cause in favor of the respondent and against the petitioner and makes the following findings of fact and conclusions of law:

### Findings of Fact

1. The petitioner was indicted in the United States District Court for the Northern District of Illinois, Eastern Division, in an indictment filed in open court on the 17th day of January, 1934, for violation of the postal laws, Title 18 U.S.C.A. § 317, said indictment containing five counts; that on said indictment and in case No. 27834 in said Court on the 26th day of March, 1934, said petitioner entered a plea of guilty to said charge and, on said plea of guilty, was, by said Court, sentenced to be confined in a United States Penitentiary for a term of ten years.

2. That petitioner was given a conditional release from the service of said sentence imposed in case No. 27834 on the 12th day of February, 1940, and that, following petitioner's conditional release and within the term of the original sentence, he violated the terms and conditions of said conditional release; that, within the term of the original sentence in case No. 27834, and before August 3, 1940, a parole violator's warrant was issued for petitioner because of said violation.

3. That petitioner was indicted in the United States District Court for the Northern District of Illinois, Eastern Division, in an indictment returned on August 14, 1940, for violation of the postal laws, Title 18 U.S.C.A. § 317, said indictment containing five counts; that on said indictment and in case No. 32351 in said Court on the 26th day of August, 1940, said petitioner entered a plea of guilty to said charge and, on said plea of guilty, was by said Court sentenced to be confined in a United States Penitentiary for a term of five years, said term of imprisonment to run concurrently with the unexpired portion of the sentence imposed on said petitioner on March 26, 1934, in case No. 27834.

4. That, theretofore and on the 3d day of August, 1940, the petitioner was arrested by the police of Chicago, Illinois, and by them on the 5th day of August, 1940, delivered into the custody of federal officers by whom he was taken before a United States Commissioner in the city of Chicago, Illinois, on the same date, and a complaint filed against him based upon the offense later charged in the said indictment in case No. 32351.

5. That, while petitioner was in custody of the police of Chicago, Illinois, from the 3d day of August, 1940, until the 5th day of August, 1940, and while he was in the custody of the federal officers from the 5th day of August, 1940, until sentence was imposed in case No. 32351 on the 26th day of August, 1940, and during all times from its issue until the 2d day of May, 1944, the said parole violator's warrant issued as a result of petitioner's violation of the terms and conditions of said conditional release from service of the sentence imposed in case No. 27834 was not read to petitioner, served upon him, or otherwise executed; but that on the 2d day of May, 1944, said parole violator's warrant was for the first time read to and served upon him and thereby executed.

6. That at all times from August 26, 1940, and until May 2, 1944, petitioner was in custody of the United States by and under authority of the commitment issued in case No. 32351 and was confined and held under authority of said commitment and no other; that during said time he was serving the sentence imposed in case No. 32351 and was not confined, detained, or held under authority of said parole violator's warrant.

7. That at the time of petitioner's conditional release from service of sentence in case No. 27834 on February 12, 1940, the unserved portion of said sentence amounted to 1,503 days, which said unserved portion of said sentence began to run from the date the petitioner was taken into custody by virtue of said parole violator's warrant.

8. That the full term of petitioner's sentence in case No. 32351 expired on August 25, 1945.

9. The Court further finds that the sentence of ten years imprisonment imposed on petitioner by the United States District Court for the Northern District of Illinois, Eastern Division, in case No. 27834 has not yet been served nor the petitioner otherwise discharged as provided by law and that petitioner is now being held in respondent's custody and control under authority of the commitment in said cause.

and the said parole violator's warrant issued and served as a result of petitioner's violation of the terms and conditions of the said conditional release from service of the said sentence imposed in said cause.

■ 10. The Court further finds that the burden of proof rests upon petitioner to establish that he is illegally held in respondent's custody or deprived of his liberty without due process of law or in derogation of his constitutional rights, and further finds from the evidence that petitioner has failed to sustain that burden.

11. The Court further finds that the pleadings and evidence filed and introduced herein, including petitioner's application and respondent's return thereto and certified copies of the trial court records and other exhibits, depositions, testimony of the petitioner and other witnesses, clearly show that petitioner is not entitled to release by writ of habeas corpus.

## Conclusions of Law

■ 1. The parole violator's warrant issued as a result of petitioner's violation of the terms and conditions of his conditional release from service of the sentence imposed by the United States District Court for the Northern District of Illinois, Eastern Division, in case No. 27834 was executed and served upon him on the 2d day of May, 1944, and not before, and the then unserved portion of said sentence in case No. 27834 began to run from that date.

2. Petitioner was not taken into custody, detained, confined or deprived of his liberty by respondent or any other person by virtue and under authority of said parole violator's warrant before and until the 2d day of May, 1944.

3. The sentence imposed upon petitioner by the United States District Court for the Northern District of Illinois, Eastern Division, in case number 27834 has not been fully served or petitioner otherwise discharged as provided by law and petitioner is now being held by respondent under authority of the judgment in said case No. 27834 and the said parole violator's warrant issued as a result of petitioner's violation of the terms and conditions of his conditional release from service of the said sentence, said parole violator's warrant having been executed on May 2, 1944.

■ 4. When petitioner was sentenced by the trial court in case No. 32351 and began the service of said sentence, the sentence imposed in case No. 27834 was thereby suspended and service thereof was suspended until the completion of the service of the sentence in case No. 32351; execution of the parole violator's warrant on May 2, 1944, was had within the term of the original sentence in case No. 27834 and was, therefore, valid and legal.

■ 5. The proviso placed by the trial court in the sentence in case 32351 providing that said sentence should run concurrently with the unexpired portion of the sentence imposed on the petitioner in case No. 27834 was beyond the power and authority of said trial court, invalid and of no effect, and did not cause the unexpired portion of said sentence imposed in case No. 27834 to begin to run at the date petitioner began to serve the sentence in case No. 32351.

6. The unexpired portion of the sentence imposed on petitioner in case No. 27834 did not begin to run and petitioner did not begin the service of said unexpired portion of said sentence until the 2d day of May, 1944.

7. Petitioner's application together with the exhibits and evidence introduced at the hearing thereon and the depositions filed in said case show conclusively that the petitioner is not entitled to release by writ of habeas corpus.

8. Petitioner is now in the legal and lawful custody and control of the respondent, the sentence imposed by the United States District Court for the Northern District of Illinois, Eastern Division, in case No. 27834 as yet not having been completely served.

It is, therefore, by the court, considered, ordered, adjudged and decreed that the petitioner is now in the legal and lawful custody and control of the respondent, that the writ of habeas corpus herein issued be and the same is hereby discharged, and the petitioner be and he is hereby remanded to the continued custody and control of the respondent until the service of the sentence imposed by the United States District Court for the Northern District of Illinois, Eastern Division, in case No. 27834 is completed or the petitioner otherwise discharged according to law.