## NESBIT et al. v. POLLAK et al.
### No. 1026.

Municipal Court of Appeals for the District of Columbia.

Argued March 5, 1951.

Decided April 10, 1951.

---

Thomas S. Walsh, Washington, D. C., Cornelius H. Doherty, Washington, D. C., on the brief, for appellants.

Nathan M. Lubar, Washington, D. C., Leonard S. Melrod and Charles S. Sures, Washington, D. C., on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This was a suit on a promissory note. In addition to certain defenses on the merits, defendants interposed a counter-claim demanding damages on the grounds of fraud and usury. The trial court directed a verdict against plaintiffs, ruling that their action was barred by our statute of limitations, Code 1940, 12–201, and on the same ground, directed a verdict against defendants on their counter-claim. Both parties have appealed.

Appellants, plaintiffs below, have moved to dismiss appellees' "cross-appeal" on the ground that it was filed twenty-eight days after judgment instead of within the ten-day period prescribed by our Rule 27(a). The question is of course jurisdictional and, as we have said before, we have no right to hear an appeal which is filed out of time. Syndicated Const. Corporation v. Ross, D.C.Mun.App., 73 A.2d 899; Beach v. District of Columbia, D.C. Mun.App., 44 A.2d 926. Appellees argue that when jurisdiction is obtained over an appeal, the cross-appeal also comes into the same jurisdiction in a like manner as do

counter-claims in the trial court. Such is not the law. In the absence of a statute or rule of court prescribing otherwise, one filing a cross-appeal is bound by the same procedure as one entering an original appeal. "If he asks affirmative relief beyond what he got below, he must enter himself in this court in due time as the prosecutor of his own appeal, even though his adversary has docketed the case against him." The S. S. Osborne, 105 U.S. 447, 451, 26 L.Ed. 1065. See also Hilton v. Dickinson, 108 U.S. 165, 2 S.Ct. 424, 27 L.Ed. 688; Farrar v. Churchill, 135 U.S. 609, 10 S.Ct. 771, 34 L.Ed. 246; King v. L. M. Southern Real Estate & Improvements Co., 116 Ohio St. 185, 155 N.E. 797. Thus the burden on a cross-appellant is no greater and no less than that which must be borne by the original appellant. We have no alternative except to order the dismissal of appellees' appeal.

■ We turn to appellants' first contention: that the trial judge erred in permitting appellees to plead the statute of limitations. As we shall see in discussing the next point, a complaint was filed within the three-year limitations period. Defendants (appellees) answered that complaint and also filed two counter-claims. Months later plaintiffs filed an amended complaint and it was agreed between counsel that defendants' pleadings were to stand as to such amendment. At the outset of the trial defendants objected to the note on the ground that it was barred by limitations and they also asked leave to amend in order to plead the statute. Moreover, plaintiffs had pleaded the statute to defendants' counter-claim and could hardly have claimed that they were prejudiced or surprised when the same defense was advanced against their own claim. Under the circumstances the trial judge was well within his discretion in entertaining defendants' plea of limitations.

■ The next question is whether it was proper to direct a verdict against plaintiffs and to hold that their claim was barred by limitations. The original complaint was filed within the three-year period and the amended complaint was not. Hence we must decide whether the amended complaint changed the nature or identity of the litigation or introduced a new cause of action, because the law is settled here as elsewhere "that an amended declaration which does not state a new cause of action is a continuation of the original declaration and dates back to the filing thereof, so far as limitations are concerned." District of Columbia v. Leys, 62 App. D.C. 3, 4, 63 F.2d 646. The situation is also covered by Municipal Court Rule 15 (c) which provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." [1]

■ The first complaint was filed by Fred T. Nesbit and mistakenly alleged that the note had been executed and delivered to him. Nesbit died, and the mistake having been discovered, the amended complaint filed by his executors recited that defendants had made the note, identical in every respect with the one pleaded in the first complaint, to one Gekas who for a valuable consideration indorsed the note to Nesbit. Defendants' pleadings, as we have said, stood to the amended complaint. At the trial defendant Pollak admitted the signatures on the note, identified the chattel trust securing it, admitted receiving a monthly payment coupon book from Nesbit, admitted making payments to Nesbit, and also admitted asking him to reduce the monthly payments. We think, taking the pleadings and the evidence together, that it was applying a too-technical rule to hold that the amended complaint set up a new cause of action which was barred by limitations. The two complaints recited the identical note, ex-

1. We have not overlooked Universal Airline, Inc. v. Eastern Air Lines, Inc., 88 U.S.App.D.C. ——, 188 F.2d 993. There the court ruled out an amendment which "set up a new and separate claim" which did not come within the one-year limitation governing actions for libel, the original suit having been for negligence.

ecution of which was admitted in defendants' answer. The second complaint did no more than correct the mistake in the first and set out more accurately how the note came into Nesbit's possession. It referred to the same note, the same debt and terms, recited the same default, and claimed the same amount. The purpose of the suit was the same after the amendment as before: to recover $3000 owing by defendants on the note. In a very similar situation a plaintiff was permitted to amend after limitations had run, to state additional facts showing plaintiff's title to a note, and it was held that the amendment did not subject the claim to the bar of limitations. Young v. Alexander, 8 Cir., 29 F.2d 555. To the same effect is Rauer's Law & Collection Co. v. Leffingwell, 11 Cal.App. 494, 105 P. 427.

In no manner could defendants have been prejudiced by being required to defend on the merits. And by one of the tests which is sometimes applied, and we think reasonably, if the first complaint had gone to trial and judgment, that judgment would have barred the plaintiffs from again litigating the claim. This demonstrates the identity of the two claims.

We rule therefore that the clarifying amendment related back to the filing of the original complaint and that it was error to rule otherwise and to direct a verdict against plaintiffs. Our view of the matter is in harmony with many well-reasoned decisions here and in other jurisdictions. Maty v. Grasselli Chemical Co., 303 U.S. 197, 58 S.Ct. 507, 82 L.Ed. 745; Neubeck v. Lynch, 37 App.D.C. 576, 37 L.R.A.,N.S., 813; District of Columbia v. Frazer, 21 App.D.C. 154; Young v. Alexander, 8 Cir., 29 F.2d 555; Service v. Farmington Sav. Bank, 62 Kan. 857, 62 P. 670; Nellis v. Pacific Bank, 127 Cal. 166, 59 P. 830. See also Steven v. Saunders, 34 App.D.C. 321; Beasley v. Baltimore & P. R. Co., 27 App.D.C. '595, 6 L.R.A.,N.S., 1048; 54 C. J.S., Limitations of Actions, §§ 274, 275; 34 Am.Jur., Limitation of Actions, §§ 260–267.

Appellees rely on N. & G. Taylor Co. v. Anderson, 275 U.S. 431, 48 S.Ct. 144, 72 L.Ed. 354. But there are sharp factual and legal differences between that case and this one. There an assignee was suing on a contract. A state statute made it mandatory that one suing on such a non-negotiable chose in action set out in his pleadings that he is the owner and when he acquired title. Plaintiff there had not originally complied with the terms of the statute and when he did in his amended complaint the court ruled that the cause of action as then presented was a new one, and that there had been no cause of action at all set forth in the first complaint. This ruling was of necessity predicated on the statute. Here we have no statutory requirement (and none by rule of court) that chain of title to a note must be explicitly set out in the complaint before there is any validity to the action.

Finally we consider appellees' contention that plaintiffs could not in any event prevail because they had failed to prove that Gekas had indorsed the note to Nesbit. But it was admitted that defendants had recognized Nesbit as the holder of the instrument by making payments to him and otherwise. Furthermore, proof of negotiation to Nesbit was not necessary since it was alleged by plaintiffs and not denied in any pleading filed by defendants. Municipal Court Rule 8(d) provides that averments in a pleading are taken as admitted when not denied in the responsive pleading. The same rule exists in the Federal Practice. Fed.Rules Civ. Proc. Rule 8(d), 28 U.S.C.A.; Moore's Federal Practice, 2nd Ed., Vol. 2, page 1700. And it has been enforced in this jurisdiction. Hammerer v. Huff, 71 App. D.C. 246, 110 F.2d 113.

Appeal of Adolph and Lucretia Pollak dismissed.

Judgment against Thorpe Nesbit and The Liberty National Bank of Washington, Co-Executors, reversed, and case remanded for new trial on their claim.