Lora Marie DA COSTA, Administratrix, c/t/a, of the Estate of John E. Hoover, deceased, Appellant,

v.

Russell HARDY, Appellee.

Russell HARDY, Appellant,

v.

Lora Marie DA COSTA, Administratrix, c/t/a, of the Estate of John E. Hoover, deceased, Appellee.

Nos. 1698, 1699.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 17, 1955.

Decided Dec. 8, 1955.

806

Mahlon C. Masterson, Washington, D. C., for appellant in No. 1698 and appellee in No. 1699.

Russell Hardy, Jr., Washington, D. C., for appellant in No. 1699 and appellee in No. 1698.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

The administratrix, c. t. a., of the estate of John E. Hoover, sued Russell Hardy for $2,500, the claimed value of legal services alleged to have been performed by the decedent for Hardy. Hardy denied owing anything and he filed a counterclaim for $3,000, the claimed value of legal services alleged to have been performed by him for

the decedent. The trial court denied recovery on both claim and counterclaim and both parties have appealed.

A jurisdictional question is raised in connection with the appeal of the administratrix. The trial court, having taken the case under advisement, mailed notice to the parties on June 7, 1955, advising them of its finding that neither party was entitled to recover. The notice stated that formal entry of the finding would be made on June 14. Such entry was duly made. Neither party moved for a new trial and judgment on the finding was entered on July 13.[1] Hardy filed his notice of appeal on July 22, but the administratrix did not file her notice of appeal until July 25. Rule 27(a) of this court requires notice of appeal in civil cases to be filed within ten days from entry of judgment. The timely filing of this notice is jurisdictional and cannot be extended. And the timely filing of Hardy's notice of appeal does not give us jurisdiction over the cross appeal of the administratrix if it was not timely noted. Nesbit v. Pollak, D.C.Mun.App., 80 A.2d 54.

Since the judgment was entered July 13 and the administratrix's notice of appeal was filed July 25, it would appear that the notice was filed two days late. However, the administratrix contends that her notice was timely filed because of our rule 27(e), which provides:

"When a judgment or final order is entered or decided out of the presence of parties and counsel, and without previous notice to them of the court's decision, such judgment or order shall not be considered as having been entered, for the purpose of computing time under subsections (a), (b), and (c) of this Rule, until the second day after notice thereof has been mailed to the parties or counsel."

The above quoted rule was adopted after our decision in Kyle v. Wiley, D.C.Mun. App., 78 A.2d 769, 771, wherein we held that in view of the trial court's rule 66(d) [now 77(d)] and our own rule 10(b), "two days shall be added to the ten-day period [for filing notice of appeal] when there is entry of judgment or order signed or decided outside of the presence of the parties and notice thereof is given by mail." We held that otherwise a party would have less than the ten-day period for appeal. In the Kyle case an order dismissing a complaint was entered out of the presence of the parties and without previous notice to them and notice was given by mail.

The rationale of the Kyle decision, as thereafter embodied in our rule 27(e), is that where a final judgment or order is entered *without previous notice* to the parties and notice is given by mail, two days shall be added to the ten-day period for noting an appeal, in order that a party shall not be deprived of the benefit of ten full days for noting an appeal.

Neither the Kyle decision nor our rule 27(e) has application to the present situation. The parties were notified in advance of the entry of the finding and they knew that entry of judgment on the finding would follow not less than five days after entry of finding. We must hold that the appeal of the administratrix was not timely noted and her appeal must be dismissed.

Hardy's appeal claims error in the ruling of the trial court that his claim was barred by the statute of limitations. His alleged services were all rendered more than three years prior to bringing his action, and he concedes that the statute is a bar unless his claim of fraud is sustained. His testimony was that when Hoover requested his services in several legal matters Hoover asked that the services be performed gratuitously, representing that he was a man of very limited means; that he (Hardy) believed this representation and agreed to make no charge for his services; that after Hoover's death he discovered by examination of the

1. Rule 58 of the trial court provides that, in the absence of a motion for new trial, judgment on the finding shall be entered on the fifth day after entry of the finding, unless the court otherwise directs. No explanation is in the record why entry of judgment was delayed for nearly a month.

petition for probate that the estate amounted to $40,000 or more; and that had he known of the substantial assets of Hoover he would not have agreed to render his services gratuitously. In substance, Hardy's claim is that in or prior to 1948 he was fraudulently induced to render services without charge by reason of Hoover's misrepresentation of his ability to pay, that he did not discover the fraud until 1955, and that the statute of limitations did not begin to run until discovery of the fraud.

He who relies on fraud must prove it. The only proof Hardy offered that Hoover misrepresented his financial ability in 1948 was proof that at the time of Hoover's death in 1954 he was possessed of a substantial estate. Such proof did not compel the trial court to find that Hardy sustained his burden of proof. "Proof of the existence of a particular financial condition on a given date may or may not establish the basis of a logical inference that such condition existed at a date prior thereto, depending on the length of time over which it is sought to carry the inference back and the facts and circumstances of the particular case." 31 C.J.S., Evidence, § 140. In the absence of proof that Hoover's financial condition reasonably could not have materially improved between 1948 and his death, it cannot be held as a matter of law that proof of his financial condition in 1954 required an inference that the same or substantially the same condition existed six years before. "Generally, a condition shown to exist on a given day may sustain an inference as to identity of condition at a time backward or forward. Wigmore on Evidence, 3d Ed., Sec. 437. But whether such evidence is reliable enough for use is usually for the sound discretion of the trial court." Conner v. Union Pacific Railroad Co., 9 Cir., 219 F.2d 799, 802.

Moreover, Hardy's testimony regarding the alleged fraudulent misrepresentation was wholly uncorroborated, and our Code provides that: "In any civil action against * * * representative of a deceased person * * *, no judgment or decree shall be rendered in favor of the plaintiff founded on the uncorroborated testimony of the plaintiff * * * as to any transaction with or action, declaration or admission of the deceased". Code 1951, § 14–302.

Appeal in No. 1698 dismissed. Appeal in No. 1699 affirmed.