Raymond PLECHNER, Petitioner,

v.

UNITED STATES of America, Respondent.

Crim. No. 20119.

United States District Court E. D. Pennsylvania.

March 9, 1960.

**592**

———◆———

Raymond Plechner, petitioner, in pro. per.

Walter E. Alessandroni, U. S. Atty., Daniel J. DiGiacomo, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

EGAN, District Judge.

Raymond Plechner, petitioner, has moved, under § 2255 of the Judicial Code, 28 U.S.C., that this Court vacate, correct, or set aside the sentence imposed upon him by the Court on December 4, 1959.

At the time of committing the offense and at the time of sentence, Plechner was on parole from a prison sentence imposed upon him by the Commonwealth of Pennsylvania. That sentence had six or seven years remaining and presumably Plechner—as a parole violator—was subject to revocation of his parole by the appropriate state authorities and recommitment to a state prison to serve that remaining time. On December 4, 1959, with this information before it, the Court sentenced him as follows:

"The Court: I will sentence him to the custody of the Attorney General for a period of one year and one day to serve concurrently with the sentence he is now undergoing and serving in the Eastern State—

"U. S. Attorney: He is a parole violator and they are looking for him, he has been committed under the violation.

"The Court: At any rate, I will sentence him to a year and a day and it will presumably be served concurrently with the sentence that will attach to the fact that he is a parole violator. If he is getting seven years I will not add a year to the seven; I think he will be a wiser man and forget the habit of holding up cab drivers in that period of time."

Later that day, when the United States Marshal attempted to deliver petitioner to the state authorities (i. e. the Parole Board), they would not accept delivery until he had served his federal sentence. This was called to the attention of the sentencing Judge by telephone on the same day by the United States Attorney and the United States Parole Officer. Immediately thereafter, and in the absence of the accused and his counsel, the sentencing Judge struck out all reference in the sentence that it should be served concurrently with any sentence petitioner would serve in Pennsylvania by reason of the violation of his parole, and thereafter the sentence read, "I will sentence him to the custody of the Attorney General for a period of one year and one day." To this action by the Court petitioner now objects.

We regard the stricken portion as being mere surplusage which does not and cannot render invalid the real sentence which was meted out to petitioner, namely, a year and a day. There is ample authority to this effect.

In Hammerer v. Huff, 1939, 71 App.D. C. 246, 110 F.2d 113, Hammerer was sentenced by a federal court, in November 1934, to a term of one and a half to three years. In February 1937 he was released conditionally. Before the remainder of his sentence had expired, he committed another federal offense, for which he was sentenced in June 1938 to a term of one to one and a half years, to run concurrently with the unexpired portion (i. e. nine months) of the first sentence. In August 1939 the second sentence expired, but Hammerer was detained upon request of the parole board. The United States Court of Appeals for the District of Columbia, citing Zerbst v. Kidwell, 1938, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, held that the 1938 court was without authority to cause its sentence to run concurrently with the balance remaining on the 1934 sentence.

"[O]nly the District Board of Parole, by terminating the conditional release, could cause the unexpired portion of the first sentence to commence to run again * * * ." 110 F.2d 113, 116.

The same court considered this question again in Tippitt v. Wood, 1944, 78 U.S.App.D.C. 332, 140 F.2d 689, 690. Tippitt was sentenced by a federal court in 1934 to six years' imprisonment. In 1938 he was released on parole. In 1939, while still on parole, he committed another federal offense, for which he was convicted and sentenced to four years' imprisonment, "to run concurrently with any revocation of present suspended sentence and conditional release * * * ." In 1942 Tippitt completed this second sentence, but he was detained to serve the two years remaining on the 1934 sentence. Citing Zerbst v. Kidwell, supra, the court held invalid the portion of the 1939 sentence (quoted above) directing that it be served concurrently with the balance of the previous sentence, as an infringement of the parole board's authority to require the defendant to finish serving that previous sentence independently of any later sentence. Tippitt's case was subsequently presented to another court of appeals, which held the same way. Tippitt v. Squier, 9 Cir., 1944, 145 F.2d 211.

In Quinn v. Hunter, D.C.D.Kan.1946, 64 F.Supp. 653, at page 655, the court refused a writ of habeas corpus on similar facts, saying:

"The proviso placed by the trial court in the sentence in [the second criminal case] * * * providing that said sentence should run concurrently with the unexpired portion of the sentence imposed on the petitioner in [the first criminal case] * * * was beyond the power and authority of said trial court, invalid and of no effect, and did not cause the unexpired portion of said sentence imposed in [the first case] * * * to begin to run at the date petitioner began to serve the sentence in [the second case] * * * ."

Quinn subsequently won a habeas corpus proceeding in another district court, but on appeal the court of appeals reversed on other grounds. United States ex rel. Quinn v. Hunter, 7 Cir., 1947, 162 F.2d 644. The court commented (at page 648):

"It may be the direction that the judgment be served concurrently with the unexpired portion of Quinn's first sentence was of no effect; in fact, in a similar situation it was so held. Tippitt v. Wood [supra] * * * The holding is on the theory that such a direction constitutes an interference by the court with the authority of the Parole Board. See also Zerbst v. Kidwell [supra] * * * Treating this concurrent direction as unauthorized, it was merely surplusage and did not affect the legality of the five year sentence."

See also Schiffman v. Wilkinson, 9 Cir., 1954, 216 F.2d 589, 590, note 1.

In all cases cited, both sentences were by federal courts. In this case, the prior sentence was by a state court. If we do not have authority to direct that the sentence which we impose be served concurrently with the remaining portion of a prior federal sentence, *a fortiori* we would have no such authority where the prior sentence is a state sentence.

This Court's direction that the sentence imposed upon petitioner be served concurrently with time remaining on the previous sentence was invalid, but its invalidity does not affect the validity of the sentence to a year and a day. The Court's later action in striking the invalid direction was simply administrative and had no effect on the sentence. Accordingly, the motion will be denied.

The contentions by the petitioner that he was denied his rights by being sentenced in the absence of his counsel are without merit since, in fact, his counsel was present at all times during this case. Counsel was present in Court on October 30, 1959, when the petitioner pleaded guilty, and he was present again on December 4, 1959, when sentence was imposed.