**Norman P. GLASS, Appellant,**

v.

**Estelle Glass DIESENHOF, Appellee.**

**No. 2706.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 13, 1961.

Decided April 5, 1961.

Alvin Gordon, Washington, D. C., for appellant.

Morton Kudysh, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b).

QUINN, Associate Judge.

Appellant was sued by his former wife, appellee here, for the maintenance and support of two minor children born of the marriage. On April 15, 1960, following trial, the court entered an order directing appellant to pay $60 a month for the support of the children. When appellant failed to comply with the order, appellee filed a motion for contempt. At the hearing on this motion, held on July 20, appellant attempted to collaterally attack the order of April 15, contending that it was void because the court lacked jurisdiction to entertain the maintenance action. The trial judge ruled, in substance, that the court had jurisdiction over the parties and the subject matter at the time the maintenance order was entered, and held appellant in contempt but at the request of appellant's counsel, stayed execution of his ruling until that afternoon. Appellant thereupon paid the maintenance arrearages due, and the contempt motion was withdrawn. Nine days later appellant noted an appeal from the order "entered on July 20, 1960."

Since no order was ever entered on July 20, it is apparent that this is an appeal from the court's order of April 15. Although the case was argued before us on the merits, the critical question is whether the appeal was timely filed. The order of April 15, granting support for the minor children, was final and appealable. Our Rule 27(a) provides that notice of appeal in civil cases must be filed within ten days from the date of entry of the judgment or order appealed from. We have held time and again that the taking of an appeal within the prescribed time is mandatory and jurisdictional and that such time cannot be enlarged.[1] It follows that this appeal, which was noted more than two months after the order of April 15 became final, was not timely and must be dismissed.

Appeal dismissed.

1. Valentine v. Real Estate Commission, D.C.Mun.App.1960, 163 A.2d 554, and cases cited therein; Roumel v. Stradley, D.C.Mun.App.1955, 119 A.2d 111; Da Costa v. Hardy, D.C.Mun.App.1955, 118 A.2d 805.